THE PEOPLE OF THE STATE OF NEW YORK ex rel. FANNY S. SWEENEY, Appellant, against WILLIAM G. RICE et al., as Commissioners of the Department of Civil Service of the State of New York, Respondents.

Argued October 5, 1938; decided November 29, 1938.

*John McKim Minton, Jr., John W. Jordan* and *Robert M. Davis* for appellant. In the light of the *prima facie* showing of unreasonableness and prejudice to petitioner in the establishment of two lists for the position of court stenographer, and in the total absence from the record of any reason or basis for the Commissioners' action in so doing, the Appellate Division was not warranted in making the order appealed from. (*Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435; *People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570.)

*H. Eliot Kaplan* and *Samuel D. Smoleff* for H. Eliot Kaplan, *amicus curiæ.* The distinction made by the Commission between stenographers and stenotypists is wholly arbitrary, capricious and unreasonable. (*People ex rel. E. C. T. Club* v. *State R. Comm.*, 190 N. Y. 31; *Ryan* v. *Finegan*, 166 Misc. Rep. 548; 253 App. Div. 713; *Barlow* v. *Berry*, 245 N. Y. 500; *Matter of Sloat* v. *Board of Examiners*, 274 N. Y. 367.)

*John J. Bennett, Jr., Attorney-General (Patrick H. Clune* and *Henry Epstein* of counsel), for respondents. The action of the Civil Service Commission in determining that two eligible lists should be established, one for stenographers and one for stenotypists, was proper and legal. (*People ex rel. Moriarty* v. *Creelman*, 209 N. Y. 570; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92;

*Matter of Simmons* v. *McGuire*, 204 N. Y. 233; *People ex rel. New York & Queens Gas Co.*, v. *McCall*, 219 N. Y. 84; 245 U. S. 345; *People ex rel. Apfel* v. *Casey*, 66 App. Div. 211; *People ex rel. Braisted* v. *McCooey*, 100 App. Div. 240; *People ex rel. Caridi* v. *Creelman*, 150 App. Div. 746; *Matter of Allaire* v. *Knox*, 62 App. Div. 29; 168 N. Y. 642; *Matter of Friedman* v. *Finegan*, 268 N. Y. 93; *Matter of Volgenau* v. *Finegan*, 163 Misc. Rep. 554; 250 App. Div. 757; *Matter of Woods* v. *Finegan*, 246 App. Div. 271; *Bridgman* v. *Cosse*, 157 Misc. Rep. 8; 246 App. Div. 632; 271 N. Y. 535; *People ex rel. Merritt* v. *Kraft*, 145 App. Div. 662; 204 N. Y. 626; *People ex rel. Bartholomew* v. *Municipal Civil Service Comm.*, 171 App. Div. 916.)

FINCH, J.  An examination for the position of court stenographer in the Supreme and County Courts of the first and second judicial departments was announced by the State Department of Civil Service in July, 1935. The announcement stated that separate eligible lists would be established for shorthand reporters and for stenotypists, and requested candidates to indicate for which list they were applying.  The petitioner attached to her application a statement informing the Commission that she intended to take the examination on a stenotype machine but that she protested against more than one list and was applying with the understanding that this would not prejudice her position if it were determined finally that it was proper to have a single list rather than two lists for the position.

As a result of the examination petitioner obtained the highest grade for either list.  The Commission, in accordance with its announcement, established two lists, and the petitioner's name, although it heads the stenotype list, is not included in the shorthand eligible list, which is headed by a candidate with a lower grade than hers. Petitioner instituted this proceeding for a peremptory order of mandamus or an alternative order of mandamus

directing the Civil Service Commission to establish a single eligible list for the position. Special Term granted an alternative order of mandamus but denied the peremptory order. On cross appeals, the Appellate Division affirmed the denial of the peremptory order and reversed the alternative order. This appeal is taken from the reversal of the order granting the alternative order of mandamus.

Ordinarily one list and only one list should be established from which appointments to the same position are to be made. This relator, although she obtained the highest rating, may be deprived of an opportunity of being appointed to the position. She and the other stenotypists have been placed on a list separate from the regular shorthand reporters, although the former use a system which apparently lends itself more readily to transcription and may be better in other ways.

The question of the reasonableness of establishing separate eligible lists of those who took notes in shorthand with a pen or pencil and those who employed a stenotype machine, is, under all the circumstances, one of fact. No valid reason has been advanced for holding such action reasonable as a matter of law. The Civil Service Commission has broad discretionary powers, but it cannot act arbitrarily.

The orders should be reversed, and the motion for a peremptory order of mandamus granted, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J., taking no part.

Ordered accordingly.