JOHN E. DAVIS, Petitioner, Respondent, *v.* CECIL B. WIENER and Others, Constituting the Municipal Civil Service Commission of the City of Buffalo, New York, Respondents, Appellants.

Fourth Department, June 28, 1940.

*David Diamond, Corporation Counsel [Andrew P. Ronan, Assistant Corporation Counsel, of counsel], for the appellants.*

*Merwin, Paul, Lesswing & Hickman [M. Edwin Merwin of counsel; Walter S. Merwin with him on the brief], for the respondent.*

HARRIS, J.   The appeal herein is from an order of an official referee (to whom the issues in question were sent by order, on stipulation, to hear and determine), which order commands the respondents to certify the petitioner as having successfully passed a physical examination held in connection with the competitive examination for the position of assistant assessor, department of assessment of the city of Buffalo, and to certify the name of the petitioner in a proper place on the eligible list for such position.

First, disposition is to be made of the contention of the appellants that the order of an official referee is void because it constitutes an abridgment of the powers of the Supreme Court.   The provisions of section 117 of the Judiciary Law and the holding in *Matter of Brock* (245 App. Div. 5) are sufficient to dispose of this contention adversely to the appellants.

The facts on which the merits of this appeal are to be considered are as follows: The respondents constitute the municipal civil service commission of the city of Buffalo; the petitioner is a citizen of the United States and a resident of Buffalo; after courses in public and higher schools and after experience in business, the petitioner received an appointment as a clerk in the purchasing department of the city of Buffalo; after four years' service in such position, in the month of January, 1933, the petitioner was appointed as clerk in the office of the department of assessment of the city of Buffalo which position he occupied until May 5, 1939; there occurring a vacancy in the position of assistant assessor in the department of assessment, the petitioner received a provisional appointment to such position

on May 6, 1939; the position of assistant assessor is in the competitive civil service class; subsequent to the attainment of such provisional appointment by the petitioner and by notice dated May 16, 1939, the appellants herein (respondents below) announced that there would be held an open competitive examination for the position of assistant assessor and described the duties of such position as follows: " To inspect, appraise and collect, and record data pertaining to buildings and real estate within the City for the purpose of assessment; to assist in the preparation of assessment rolls; and to make all necessary records pertaining thereto." The notice further stated that the candidates would be required to pass a physical examination prescribed by the commission and that the existence of certain physical defects, of which hernia was one, would disqualify an applicant.

The respondents (municipal civil service commission) have raised herein a question of laches and contend in support of such question that the petitioner should have brought his proceeding within four months after the issuance of the notice of examination. With this contention agreement cannot be had. (Civ. Prac. Act, § 1286.)

The petitioner tried and passed the competitive examination but was disqualified by the commission because of the results of a physical examination made of him; if he had passed the physical examination, his standing in the competitive examination would have placed him on the list of successful candidates eligible for appointment. The physical examination showed that the petitioner had a hernia. The petitioner claims that at no time prior to the day before the examination was he aware of the existence of the hernia and that it never had troubled him or interfered in any way with his duties in the department of assessment. The finding of the commission on the physical condition of the petitioner was based on the examination of their medical examiners, men of good repute and of professional skill. In addition to the existence of the hernia, such medical examiners reported the petitioner as having defective vision. Physicians, who were consulted by the petitioner on his own behalf and who testified before the official referee on his behalf, admit the existence of the hernia, but claim that it would not interfere with the performance by the petitioner of duties as assistant assessor. Medical testimony on the part of the petitioner also revealed that he has defective vision, commonly known as near-sightedness, and that, although not fully corrected at the time of the examination, such near-sightedness could be further corrected. During his employment by the city the petitioner has lost only one day's work by reason of illness.

On a trial of the issues before the official referee in the court below, the petitioner produced the physicians who had examined him on his own behalf and who testified along the lines above indicated as their conclusions, while the respondents herein (municipal civil service commission) rested their proof on their requirement that the applicant be free of hernia and on the certificate furnished them by their medical examiners and on their findings thereunder. In his opinion the official referee found that " merely having a hernia or defective vision does not necessarily disqualify an applicant." Based on such assertion, the official referee stated that he regarded the determination of the commission to be " so unreasonable and unfair " as to warrant him " to review and override the Commission's discretion."

It is well to consider the order appealed from in the light of the provisions of the Constitution providing for merit as the requirement for admission to the competitive civil service (State Const. art. 5, § 6), the provisions of the Civil Service Law enacted to implement such constitutional provision (Laws of 1909, chap. 15, as amd.) and the basic theory underlying such constitutional provision and the statute enacted in accordance with the same. It must be said that, although merit is to be the basis of appointment to competitive civil service positions, such provision for merit was established in order to secure the best possible functioning of the State and its civil divisions. The fairness of the consideration of the merits of applicants for positions and the protection of those in civil service tend to assure the State and its civil subdivisions as employers that their employees will be of the type best fitted to carry out the duties of the positions in which they are employed. Decisions of the courts construing the constitutional provisions and legislative acts hereinbefore mentioned uniformly set forth the rule that a commission charged with the examination and certification of persons seeking employment may use the methods the commission deems best adapted for the determination of fitness and, unless it be shown that the methods used are capricious, unreasonable, unfair or arbitrary, the judgment of the commission ordering or making the examination must stand against attack in the courts. (*People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570; *Matter of Sloat* v. *Board of Examiners*, 274 id. 367; *Matter of Strauss* v. *Hannig*, 256 App. Div. 662; *Matter of Sheridan* v. *Kern*, 255 id. 57; *Matter of Cowen* v. *Reavy*, 283 N. Y. 232.)

Section 14 of article 2 of the Civil Service Law provides, among other things, that " Such commissions may refuse to examine an applicant, or after examination to certify an eligible    *  *  * who is physically so disabled as to be rendered unfit for his per-

formance of the duties of the position to which he seeks appointment; * * *."

Pursuant to such provision of section 14, civil service commissions in stating qualifications for examination very often provide that applicants must have certain physical attributes, or provide for rejection of applicants for failure to have some physical attributes or for having physical defects; that is, to fit the position a general rule is made from time to time to the effect that certain physical conditions, if they exist, are sufficient to disqualify applicants. It cannot be doubted that this is a fair application of the authority established in the commissions by section 14. Certain positions must necessarily call for the possession of certain physical abilities such as strength, physique, vitality, or for the rejection of those who have physical conditions that tend to show the lack of strength or vitality necessary for the position. Buffalo is a city of nearly 600,000 inhabitants and has an area of forty-two square miles. It covers a territory, roughly speaking, seven miles to the north and the south, and eight miles to the east and the west. It is a city of homes, of mercantile establishments, of factories and other places of industry. It includes within its boundaries iron mills, automobile and airplane establishments, railroad facilities, grain elevators, hotels and large apartment houses, stores with many thousands square feet of space and all of the establishments that are to be found in a city of three hundred industries. The duties of an assistant assessor are fairly stated in the notice of the examination above quoted. One charged with such duties may be called upon in the course of his duties to visit, to go through and to inspect minutely any of the types of properties within the city, including those before mentioned. The scaling of heights may be necessary. Fatiguing climbs may be necessary. Straining to reach portions of a building may be necessary. With all this in mind the commission had a right to provide that those who desire to qualify for the position of assistant assessor should be free from physical defects that would be likely to interfere, even though it be later in the time of employment of the successful appointee, with the performance of his duties. It is well known that hernia can be aggravated by physical strain and, when so aggravated, become incapacitating throughout life. Can it be said that, even though a hernia is now one of slight development, it will not later, under strain, be likely to cause a serious disqualification of the person seeking examination to perform the duties of the position and a consequent deterioration of the service given the city? The answer to this question certainly is " No." We have the medical examiners of the commission certifying to the commission and the commission finding that the applicant herein has a

hernia, which the examiners say is well advanced, and which the commission says is a type of physical defect that warrants his rejection from the examination and from the eligible list. In view of the above thought underlying the constitutional provisions for civil service appointments, i. e., merit that will give the best of value to the employing civil authority, and in view of the provisions of section 14 of article 2 of the Civil Service Law, it cannot be said, either as a matter of law or as a matter of fact, that the respondents herein (municipal civil service commission) were arbitrary, capricious or unreasonable in providing for the rejection of an applicant for the position of assistant assessor when such applicant has a hernia, and in rejecting, as it would be required to reject under the established qualifications for the position, such applicant for failing to be free of this physical defect.

The order of the official referee should be reversed on the law, without costs, and determination of the municipal civil service commission confirmed, without costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, without costs, and determination of the municipal civil service commission confirmed, without costs.