In the Matter of the Application of HAROLD W. ROSENSTRAUCH, Petitioner, for an Order against GRACE A. REAVY and Others, Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, July 3, 1940,

*Seymour Georges Mackler*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Bernard J. Alderman, Assistant Attorney-General,* of counsel], for the respondents.

*Edward Rager,* for the Bar Association of the City of New York, *amicus curiæ.*

*Charles Gordon,* for the New York City Chapter of National Lawyers Guild, *amicus curiæ.*

MURRAY, J. This is an application pursuant to article 78 of the Civil Practice Act. It is directed against the Civil Service Commission, and affects an examination held for " Senior Unemployment Insurance Claims Examiner," a position with the Department of Labor, in the Division of Placement and Unemployment Insurance.

The petitioner is an attorney. He applied to take the examination. His application was rejected upon the ground that he did not show the required experience. He alleges that the Civil Service Commission acted in an arbitrary, capricious and unreasonable manner in excluding him; that he has been discriminated against. Petitioner claims that although he is an experienced lawyer, and has been in active practice as such, because he did not practice his profession in the employ of a " large commercial, insurance, industrial, mercantile or governmental agency," he could not be and was not credited by the Commission with his experience as a lawyer. He further asserts that the action of the Civil Service Commission in rating applicants to the extent of sixty per cent for " training, experience and general qualifications is in direct violation of the law, because by this order the Commission applied a purely subjective standard rather than an objective standard, and that for this reason the examination cannot be called competitive." He asks for an injunction restraining the Civil Service Commission from announcing the results of the examination which it conducted for " Senior Unemployment Insurance Claims Examiner " on February 17, 1940, and from utilizing any list resulting from such examination; also compelling

the Commission to revise the prescribed qualifications so as to include a law office where one has been actively practicing law as a place where the required experience may be gained, and compelling the Commission to eliminate the provision allowing sixty per cent credit for "training, experience and general qualifications," and requiring substitution of objective standards for rating of applicants for the position and requiring the Commission to accept the application of petitioner and other qualified attorneys who have filed applications for the examination and for such other relief as the court may deem just and proper.

Petitioner is twenty-eight years of age. He graduated from high school, college and law school, and was admitted to the bar in 1933. His application for permission to take the examination in question shows a general law practice by him since admission to the bar, except that in 1937 he became president of a soup corporation, and in 1939 retired from that occupation. He is not a stranger to the Civil Service Commission. In 1939 he took a civil service examination for the position of investigator A. B. C. Board. He also filed an application with the Commission to take an examination for assistant examiner in methods and procedure. For the position of A. B. C. investigator, his application shows "no results." The Civil Service Commission rejected his application for the position of assistant examiner in methods and procedure, because he had no appropriate experience. His request for permission to take the examination for "Senior Unemployment Insurance Claims Examiner" was refused by the Civil Service Commission for the reason that he did not show that he had satisfactory claims experience.

It is the contention of petitioner that the Civil Service Commission has not only discriminated against him as an attorney, but all other attorneys of the State of New York, asserting that the Civil Service Commission has arbitrarily refused to give lawyers credit for experience obtained in their own law offices and work.

The answer of respondents denies that petitioner was rejected on any such grounds, but because his application revealed that he did not have the necessary and appropriate supervisory experience in meeting the minimum qualifications. The answer of the respondents shows in support of their position in rejecting petitioner's application that a senior examiner of claims is required to supervise groups of from fifty to one hundred investigators and other employees engaged in searching and adjusting contested claims. Directly challenging the allegation of petitioner that lawyers as a class are discriminated against, the answer of respondents alleges that out of a total of one hundred and forty-nine persons, who quali-

fied for the examination under the requirements, thirty-five were lawyers, and that on a percentage basis approximately twenty-five per cent of all who qualified to take the examination were lawyers; that many of such lawyers qualified by showing sufficient training and experience gained in a law office.

To this court the claim of petitioner is based largely, if not entirely, upon the fact that he is a lawyer; that he has had seven years' experience as such in his own office, except for about two years in the soup business, and that such experience is equally as good as that of a lawyer who has had the experience of working for the same time in a large commercial, insurance, mercantile, industrial or governmental organization. He claims that because of his law office experience it must be deemed that he is fully qualified for the work of supervising groups of employees ranging from fifty to one hundred and other employees engaged in searching and adjusting contested claims; that he is equally as efficient in doing this kind of work as is a person who has been employed for a large commercial, insurance, industrial, mercantile or governmental organization. The word " supervise " means, " to be able to direct, to oversee and to exercise authority," and is a quality which requires more than mere legal ability. It connotes not only knowledge but executive capacity.

A distinguished jurist has recently stated that courts are not organized nor do they exist to direct departments of administration of our government as to the manner they must conduct their business and respective functions. With that statement this court concurs. Individuals constantly petition the court for a judgment or decree or order to instruct, direct and regulate purely administrative bodies and agencies, and to declare to them how they must operate, and what they must do and not do. There is no greater fallacy extant than the notion that all wisdom and judgment is lodged in the judiciary. This erroneous supposition carried to its logical conclusion would annihilate representative government. It would be utterly destructive of order and good government. It would produce chaos and confusion. It is the negation of democracy.

The Civil Service Commission is an important arm and subdivision of the State of New York. It is a responsible administrative body clothed with broad powers, express and implied, conferred upon it by the Constitution and by statute. It would become lifeless and cease to function if shackled and straight jacketed by judicial process, or if stripped of reasonable discretion to carry into effect its considered judgments and rules.

This proceeding at bar is a concrete example of a desire by the petitioner to obtain a judgment or decree by which it is proposed that the Supreme Court of this State nullify the work and efforts of the Civil Service Commission; that this court substitute its opinion, judgment and discretion in place and stead of that of the Commission. It is well to understand that the position petitioner wishes to have in the employ of the State is that of " Senior Unemployment Insurance Claims Examiner," which requires experience of a supervisory nature. The application of petitioner does not show any such requisite experience. The rejection of his application to take the examination was not arbitrary or unreasonable on the part of the Commission.

It is the settled law of this State that broad powers are granted to administrative boards, and that the action of such boards within the scope of the powers conferred upon them can only be invalidated when such action is arbitrary, capricious or unreasonable. (*People ex rel. New York and Queens Gas Co.* v. *McCall,* 219 N. Y. 84.) There is ample reason for such law.

There is definite and good reason why broad latitude and discretion should be allowed to the Civil Service Commission to exercise its judgment in rating individuals where good sense, personality, inherent ability and experience to do the right thing at the right time are indispensable essentials for the job as well as technical knowledge.

The test or criterion of such fitness is placed by the Commission in the examination in question, under training, experience and general qualifications. It is impossible for this court, and it would be presumptuous for the court, to say what percentage credit should be allowed for such training, experience and general qualifications. The examination, however, is a competitive examination. The recent case of *Matter of Cowen* v. *Reavy* (283 N. Y. 232) states that " the mandate for competition becomes futile when, as here, we find that a candidate's ' general qualifications '— wholly subjective to the examiners and unappraised by objective standards of any kind — are made a test of fitness and, with training and experience, are given a rating weight of sixty per cent." In this proceeding the same rule and law must be applied to govern as to the credit to be given a candidate for training, experience and general qualifications.

The Civil Service Commission has ruled that petitioner has not shown that he has had the necessary supervisory experience to qualify and with that determination this court will not interfere. This court will not substitute its opinion in that respect for the finding of the Commission.

The petitioner's demand for an order requiring the respondents to accept his application to take the examination is denied. The matter is remitted to the Commission to make new regulations as to the weight and credit to be given candidates for training, experience and general qualifications in accordance with constitional provisions and the law. Prayer of petitioner is otherwise denied.

Submit order in accordance with this memorandum.