In the Matter of the Application of MAX KANEN, Petitioner, Respondent, for an Order under Article 78 of the Civil Practice Act, against PAUL J. KERN and Others, Commissioners Constituting the Municipal Civil Service Commission of the City of New York, and Others, Appellants.

First Department, November 1, 1940.

*Robert H. Schaffer* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the appellants.

*Albert de Roode*, for the respondent.

CALLAHAN, J.  The municipal civil service commission of the city of New York admitted the petitioner to a promotion examination held for the position of engineer (safety), grade 4.

The petitioner was employed in the board of water supply as an engineering inspector. The new position was created to secure men to initiate and develop safety measures in connection with the work of constructing the new Delaware Water Supply Tunnel to be built by the city of New York. The estimated cost of the tunnel is $300,000,000. An average of 6,000 persons will be employed weekly on the project. The tunnel will be eighty-five miles long and will be driven from shafts sunk to a depth ranging from 310 to 1,550 feet. Because of the magnitude of the project and the importance of promoting adequate safety measures in connection with its completion, the commission ordered that, as minimum experience requirements, applicants for the position of safety engineer should have had at least six years' engineering experience, at least two of which must have been in responsible charge of work on tunneling operations of considerable magnitude, of which one year must have been in the successful development of safety measures.

Petitioner's application for admission to the examination failed to show that he met the minimum requirements, in that he did not show that he was in responsible charge of tunneling operations for any length of time, or was ever employed in developing safety measures. His application showed considerable experience in engineering work, some of which was in connection with aqueduct tunnels, but his relation to the work he had taken part in was not of the nature specified. Nevertheless, three examiners who passed on the sufficiency of applications determined to admit petitioner to the examination. They say that they did so because the rules of the commission require that in cases of reasonable doubt such doubt must be resolved in favor of the candidate in rating experience qualifications.

The general instructions as to the conduct of the examination provided that the initial experience rating was not necessarily final, and that if investigation disclosed that the candidate's experience was not of the nature and quality desired, then he might be re-rated or failed in experience. Accordingly, the three examiners, in passing on petitioner's application, caused the following notation to be placed thereon: "Admitted to examination pending further inquiry and determination of your experience qualification."

The examination which petitioner took consisted of written and oral tests. One of the announced objects of the oral test was to rate the candidate's experience qualifications.

Although the petitioner had been declared eligible to take the examination, the board of five examiners who gave the final oral test ruled that he did not have the essential experience. This

finding was entirely justified, as shown by the answers given by the petitioner to the questions put to him upon the oral examination. The bulk of petitioner's experience in tunneling work was as an engineering inspector for the board of water supply, where his duties were to inspect the work of private contractors in order to see if they had met contract specifications. He was not " in responsible charge " of the operation.

As to safety measures, his sole prior experience was to see that the requirements prescribed by the board were complied with. He neither determined policies nor developed safety measures or programs. The distinction between observing or criticizing safety measures and initiating safety programs is obvious. Petitioner's experience outside the board of water supply was mainly in sewer and highway construction.

Because of his failure to show the proper experience, the board conducting the oral examination rated petitioner at less than the seventy percentum mark which was required in order to pass this branch of the examination.

Special Term has granted the petitioner an order directing the civil service commission to correct his rating so as to give him a passing grade of seventy percentum in experience. This will result in placing him on the promotion list as a qualified candidate. We see no legal basis for this direction.

The view of Special Term was that the ruling of the preliminary board, that petitioner was qualified to take the examination, was a determination by the civil service commission that petitioner had met the minimum requirements. This view ignores the provisions of the notice of examination which stated that " experience will be rated after an oral interview to determine the extent that such experience has qualified the candidate for this position." It also ignores the advice given to candidates that the initial experience rating was not to be final. Petitioner might well have been barred from the examination because of the statements contained on the face of his application. That this course was not taken and he was given an opportunity to orally present the claim that he had the required experience, did not entitle him to a passing mark. Clearly, mere admission to the examination would not entitle a court to direct that a passing mark be given to petitioner. To do this would remove entirely the discretion vested in the civil service examiners to determine whether the candidate was qualified. The board giving the oral examination did not add to the minimum requirements prescribed. They merely determined upon adequate evidence that the petitioner's experience did not meet the minimum requirements. They were within their rights in so determining.

There is only one additional point of law raised by the briefs which we deem it necessary to discuss, *i. e.*, as to whether the procedure on the oral examination was illegal in that the examiners discussed their ratings among themselves and thereafter one of them reduced the mark which he had noted. This procedure has been held improper. (*Matter of Bridgman* v. *Kern*, 282 N. Y. 375.) However, it is apparent that the methods followed here did not operate to the prejudice of petitioner. Before any such discussion took place, four of the five examiners had rated him as failing in experience with marks well below seventy percentum. The fifth examiner awarded him seventy percentum. If the general average of the separate ratings had been allowed, his mark still would have been below the required seventy percentum.

The order should be reversed, with twenty dollars costs and disbursements, and the petition dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the petition dismissed.