In the Matter of MAURICE MURPHY and Eleven Others Similarly Situated, Petitioners, against JOHN H. DELANEY et al., Constituting the Board of Transportation of the City of New York et al., Respondents.

Supreme Court, Special Term, New York County, January 5, 1943.

*Samuel Resnicoff* for petitioners.

*William C. Chanler, Corporation Counsel (John D. T. Moore* of counsel), for respondents.

NULL, J.   In the absence of a reply by the petitioner, setting in issue the new matter contained in the answer of the respondents, the ultimate facts alleged in the affirmative defense must be deemed admitted.   (Civ. Prac. Act, § 1292; *People ex rel. Ajas* v. *Board of Education,* 104 App. Div. 162; *Bentley* v. *Jeacock,* 14 N. Y. S. 2d 366.)   The denials contained in the answer are perfunctory and raise no triable issue of fact.   The questions of law may, therefore, be treated summarily.   (Civ. Prac. Act, § 1295.)

Petitioner asserts that he, and the eleven others on whose behalf this proceeding is brought, were formerly employed as special officers on the BMT system.   Subsequent to the unification of the transit systems, their positions were incorporated into the municipal civil service, placed in the competitive class and assigned a title appropriate to their duties.   At the same time, the positions of some thirteen other employees of the BMT who received a higher rate of pay, although their duties were similar to those of the petitioners, were likewise incorporated into the municipal civil service.   Certain adjustments were made in the rate of pay subsequent to unification, but some disparity in such rate of pay continues.   The petitioner alleges that this disparity is arbitrary, discriminatory, and capricious, and urges that the determination of the Board of Transportation which fixed the rate of pay be annulled, that his rate of pay be equalized with that of the thirteen others receiving the higher rate of pay and that back pay be accorded to the petitioner and the eleven others similarly situated.

The respondents, after pointing out the manifold administrative problems attendant upon unification, allege that pursuant to the Civil Service Law the Board of Transportation, acting in conjunction with the Municipal Civil Service Commission of the City of New York, established grades and ranges of pay in

the interests of orderly administration. A schedule was adopted fixing maximum and minimum rates of wages for each classification or title of employees. Within the range of the maximum and minimum rates of wages, the Board of Transportation was empowered to make necessary adjustments.

Judicial intervention with the determination of an administrative body is unwarranted except upon a clear showing that its action has been arbitrary or capricious. (*Matter of Cowen* v. *Reavy*, 283 N. Y. 232; *People ex rel. Sweeney* v. *Rice*, 279 N. Y. 70; *Matter of Davis* v. *Wiener*, 260 App. Div. 127; affd., 285 N. Y. 537; *Matter of Krapp* v. *Kern*, 255 App. Div. 305; affd., 281 N. Y. 617.)

The petitioner claims no injury by virtue of his classification or title. The basis of the petitioner's complaint is that he is not being paid at the highest rate within the range established by the Board of Transportation for those employees who are serving within the same classification or title. He contends that the rate of wages paid to him should be made equal to the higher rate of wages paid to the thirteen others alleged to be performing duties similar to his own.

The establishment of maximum and minimum rates of compensation for a particular classification or title in the civil service is vested in the sound discretion of the Board of Transportation and the Civil Service Commission of the City of New York. It is a method of compensation generally employed in the civil service and not uncommon in private employment. It is intended to facilitate adjustments necessitated by economic requirements and the needs of the service. That it may result in the payment of different rates of wages within the same classification or title of service is inherent in any flexible system of compensation which takes account of seniority of service, promotions, and other employment factors.

So long as the rate of pay is within the bounds of the maximum and minimum rates provided in the schedule applicable to the particular classification of employees, there is no justification in the claim that the failure to pay all employees within that classification at the maximum rate is discriminatory, arbitrary, or capricious. To adopt petitioner's contention would be to compel a restricted formula of compensation by which the present wage standards might be reduced to the minimum rate of pay established in the schedule for employees within his classification or title.

This application, in effect, calls upon the court to direct an increase in the wages of the petitioner and the eleven employees

associated with him. Such an application is untenable. The redress of grievances and the adjustment of inequalities are the responsibility and the duty of the Board of Transportation. That is an administrative and not a judicial function. The court may act to restrain what is unlawful but it may not, by review, control the determination of an agency constituted by law to administer a specialized service in municipal government. Petitioner and the eleven others have been appointed to an appropriate grade. They are receiving a rate of pay consonant with the grade to which they have been appointed.

The Board of Transportation is authorized to fix the wages of its employees. (*Matter of Colbert* v. *Delaney*, 249 App. Div. 209; affd., 273 N. Y. 626.) No court may usurp its power to do so, nor supersede its discretion.

The petition is denied and the application is dismissed. Submit order.