MARY D. SNYDER, Appellant, v. JOHN C. YOUNIE et al., Respondents.— On the morning of February 3, 1941, plaintiff fell on an icy sidewalk on Liberty Street in the city of Schenectady and sustained personal injuries. She sued the city and the individual defendants who are the owners of property adjoining the sidewalk on which she fell. She charges the individual defendants with negligence and nuisance in the maintenance of leader pipes which deposited water on the sidewalk. The city is charged with negligence and nuisance in permitting the maintenance of the leader pipes and in depositing the snow by means of a snow plough on the sidewalk. At the conclusion of plaintiff's proof the Trial Judge granted a nonsuit as to all defendants. An examination of the record discloses that plaintiff has failed to establish a cause of action against any or all defendants on the theory of either negligence or nuisance. Judgments affirmed, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.

In the Matter of DAVID SIMON, Appellant, against GRACE A. REAVY et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.— Petitioner has appealed from an order of the Albany Special Term of the Supreme Court denying his application for an order under article 78 of the Civil Practice Act to compel and direct (1) the Civil Service Commission "To add the name of petitioner to the eligible list (promotion) for Supervising Tax Examiner, Grade 3, promulgated as a result of an examination for said position held pursuant to an announcement by said defendants issued and dated April 3, 1941" and (2) the Commissioner of Taxation and Finance "to appoint petitioner from the said promotion list to said position of Supervising Tax Examiner, Grade 3, and if necessary to discontinue the employment in said position of a person appointed to said position from an open competitive eligible list for said position" as prayed for in the petition. In 1940 the Legislature appropriated the sum of $250,000 for the collection of delinquent and other taxes. As a result of this appropriation new positions called "supervising tax examiners" were created. The defendants determined that prudent supervising ability on the part of a candidate was essential. In April, 1941, the State Civil Service Commission announced a promotion examination for the position of supervising tax examiner, grade 3, and also simultaneously an open competitive examination for the same position. For an applicant to qualify for such position the Commission determined that " Candidates must have demonstrated their ability to outline audit programs and supervise the work of a staff; prepare reports; exercise independent judgment and assume responsibility". Petitioner was declared ineligible to take the examination on the ground that he lacked "the required demonstrated supervising ability". He now asserts that this requirement is illegal. The proof sustains the determination of the Special Term. Order affirmed, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur. [See *post*, p. 1006.]