In the Matter of LEON S. FURMAN et al., Petitioners, against HARRY W. MARSH et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, June 13, 1945.

*Harris Jay Griston* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (Thomas W. A. Crowe* of counsel), for respondents.

HAMMER, J. This proceeding is brought under article 78 of the Civil Practice Act. Petitioners are clerks, grade 3, employed in the Finance Department of which the City Treasurer is the head (New York City Charter [1938], § 411). They competed unsuccessfully in a promotion examination for promotion from grade 3 to grade 4. The examination was in two parts, part I held November 6, 1943, which they and others passed and became eligible to take part II held March 25, 1944. Petitioners competed in part II unsuccessfully, by failing to attain a rating therein of 70%. Sixty-nine other competitors passed and are on the eligible list promulgated by the respondent Municipal Civil Service Commission on or about October 31, 1944. Petitioners' claim is that part II which was divided into two parts, and part II B, consisting of two double-weight questions, viz., No. 11 and No. 12, between which each candidate had the choice of one to be answered, contained in reality two illegal questions, No. 11 relating only to the State Budget Bureau and not to the Finance Department, and No. 12 purporting to relate to the candidates' own department but in fact relating to functions of the Municipal Civil Service Commission. Petitioners allege they chose question No. 12 relying upon the statement that it related to their own department and were unsuccessful because in reality it did not but in fact related to that of the Civil Service Commission. The published notice of the examina-

tion appearing in *The City Record* (Sept. 14, 1943, p. 3366, col. 3) in respect of part II stated: '' Candidates who qualify on Part I will be summoned at a later date for Part II, which will relate directly to the specific functions of the candidate's own department.'' Petitioners submit a published notice (*The City Record*, Nov. 15, 1944, p. 4035, col. 4) of examination for an examination for '' promotion to Civil Service Examiner '' which gives the duties, among others, as '' prepare job analyses * * * and * * * job classification '', and states this position paying a salary of $5,500 is of a higher grade than that of clerk, grade 4.

Respondents' position is that the competitors were not asked to write job descriptions, but only to explain how each would proceed if assigned to prepare them, and how he would go about making a complete and accurate list of each and every position in his department and a description of the work pertaining thereto. It is shown that of the successful candidates some selected and answered double-weight question No. 11 and others No. 12. Petitioners, with the exception of John F. Fay (who filed no appeal), appealed to the Commission on various dates in November and December, 1944, on substantially the same grounds here urged. The Department of Finance, under chapter 6 of the New York City Charter and chapter 6 of the Administrative Code of the City of New York (§ 113–1.0 *et seq.*) prepares certificates and submits to the director of the budget not later than the 1st of February each year its estimates for current expenses, including compensation for personal service of all employees. All departments are required to submit such estimates. The budget director, in his annual budgetary survey of each city agency, under section 113 of the Charter, '' may require any agency, or any officer or employee, to furnish data and information and to answer inquiries pertinent to such survey.'' Under the above requirements grade 4 clerks would reasonably be assigned to prepare descriptions of the work being done or which reasonably could be assigned to be done in the various positions by the persons occupying them in the department in which such clerks were employed. Question 12 which petitioners selected and answered as part of the examination taken reads as follows: '' 12. Assume that you have been assigned to prepare job descriptions for all of the positions in the department. Explain fully your procedure in carrying out this assignment.'' That question did not call upon the applicants to answer by writing from memory a description of the positions or a statement of the title, functions and duties of the positions in their respective departments. It called upon each candidate to assume he was assigned to prepare job descrip-

tions for all the positions in his own department. Then the candidate in answer to the question was to state the method he would pursue in carrying out the assignment, i.e., the manner in which he would act. The question called for a short composition or essay stating how the candidate would go about doing the work to which in the question he was assumed to have been assigned. Such a question appears to be relevant to the duties of the position for which the examination was held. In any event, it may not be held to be palpably irrelevant to such duties. That being so, the matter was one for the discretion of the Civil Service Commission and courts will not substitute their views for an authorized discretion reasonably exercised. (*Matter of Darling* v. *Maguire,* 70 Misc. 597, 600; *Matter of Allaire* v. *Knox,* 62 App. Div. 29, affd. 168 N. Y. 642.) The commission has the power and function under the law to fix a fair and reasonable standard by which the qualifications of the applicants may be tested. '' The exercise of that function may be subject of judicial review only in the event of a clear showing that in fixing the test of fitness the action by the Commission was arbitrary, capricious or unreasonable.'' (*Matter of Cowan* v. *Reavy,* 283 N. Y. 232, 237; *People ex rel. Sweeney* v. *Rice,* 279 N. Y. 70.) The judgment of the commissioners in the preparation of the questions for and in the scope and character of the examination must prevail in the absence of bad faith or illegal action. (*Davis* v. *Wiener,* 260 App. Div. 127; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570.) Petitioners have not shown that there was no objective basis in grading the answer to question No. 12 and the respondents by the affidavit of examiner Stern set forth the elements which should be expected to be stated in a correct answer thereto and which the examiners accepted as a standard in grading the answers given. The '' court may not conduct or supervise civil service examinations nor review them, the official acts of the Civil Service Commission not being judicial, but rather executive, ministerial and administrative.'' (*Matter of Firshein* v. *Reavy,* 263 App. Div. 490; *People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92.) In *Matter of Firshein* v. *Reavy* (*supra*) it was pointed out that the examination was for the position of referee under the New York State Unemployment Insurance Law (Labor Law, art. 18) and stated (dissenting opinion, p. 496): '' About one hundred of the questions propounded are intended to ascertain if the candidate approves so-called progressive social theories and is averse to the less modern doctrines as to

social and economic changes and whether he will apply approved social experiments in the discharge of his duties.'' In the decision of the majority it was stated (p. 492) : '' The members of the court may not agree as to the method adopted, the time allowed or the character of the questions presented, nevertheless, this difference of opinion does not warrant the cancellation of a state-wide competitive examination in which upwards of 2500 persons participated. The determination as to the character and scope * * * was for the Commission.'' Here the objections of the petitioners relate to matters which are fundamentally, implicitly and functionally for, and must be left to the administrative discretion of the Municipal Civil Service Commission and as its actions have not been shown to have been erroneous, arbitrary, capricious, discriminatory or palpably illegal, this court may not interfere with, supervise or review the questions to which objection has been taken by the petitioners.

It is also claimed that this proceeding was not brought within four months after their alleged grievance arose as limited by section 1286 of the Civil Practice Act. This proceeding was instituted in February, 1945. The examination was held March 25, 1944, and petitioners notified of their rejection on or about August 23, 1944.

'' Mandamus requires acting without delay — an alert attention to an asserted claim.'' (CRANE, J., in *Thoma* v. *City of New York*, 263 N. Y. 402, 407.) The objection was to, and the alleged grievance was in respect of, question No. 12, and grading, and as to petitioner Fay who took no appeal, it is obvious that this proceeding was not brought within four months. Petitioners Rosen, Blacksburg, Quinn, Price and Goldstein appealed to the Commission for review of '' the grading of the petitioners '' in that '' said grading was based on an illegal question, and the grading was done in an illegal manner ''. The appeals were denied in November and December, 1944, at which time the Commission's determination became final. This proceeding commenced in February, 1945, appears, insofar as respects the five petitioners who appealed, to be within the four-month statutory period of limitation. (*Matter of Flaherty* v. *Marsh*, 268 App. Div. 380; *Davis* v. *Wiener*, 260 App. Div. 127, affd. 285 N. Y. 537, *supra; Matter of Peekskill Packing Co., Inc.,* v. *Bd. of Health*, 172 Misc. 176, revd. on other grounds, 261 App. Div. 915.)

It follows from the foregoing that the application should be denied as to all the petitioners and the petition dismissed, with costs. Settle order.