In the Matter of Robert E. Kirkpatrick et al., Petitioners, against William Reid et al., as Commissioners and Members of the New York City Transit System and Constituting the Board of Transportation of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, December 27, 1948.

*Leopold V. Rossi* for petitioners.

*John P. McGrath, Corporation Counsel* (*W. Bernard Richland* and *Pauline K. Berger* of counsel), for respondents.

Hecht, J. This is an application pursuant to article 78 of the Civil Practice Act, to declare null and void a resolution of the board of transportation of the city of New York putting into effect a voluntary '' check-off '' system of collecting union dues from employees of the New York City Transit System. The proceeding is brought by two employees of the transit system who are officers of the Civil Service Forum, an organization of civil service employees which includes subway workers.

The resolution in question provided that all voluntary authorizations by employees to deduct from their wages once a month the amount of their monthly dues for membership in employee

organizations and pay over the same to designated organizations of that type, shall hereafter be accepted on condition (a) that each respective organization pays to the board such amount toward the expense incurred by the board as may be fixed by the board; and (b) that such authorization shall terminate upon three weeks' written notice by the employee. It was adopted by the board on June 10, 1948, upon the recommendation of the Mayor's advisory transit committee, which reported that the voluntary checkoff is often granted in industry generally, even in those cases where all variations of the closed shop are denied; and it was allowed in fourteen of the thirty-five agreements and policy statements of municipal agencies relating to labor.

This voluntary checkoff system has been in continuous operation since July, 1948. Out of a total operating staff of approximately 40,000 employees of the transit system, 26,434 have filed such authorization with the board for payment of dues to three different employee organizations. The board has deducted from the amounts payable to the various organizations a sum which it states is sufficient to cover the entire cost of the operation. For many years the board has made deductions from employees' salaries for the following items: pension payments, Federal withholding tax, State nonresident withholding tax, garnishments, moneys payable under orders of the Family Court and payments for a voluntary relief fund set up by an employees' benefit association established by the Interborough Rapid Transit Company prior to unification.

I do not see any basis for invoking judicial review of this resolution of the board of transportation. The board is empowered to operate any railroad operated by the city " and, generally, to exercise all requisite and necessary authority to manage and direct the operation and maintenance of such road for the convenience and safety of the public." (Rapid Transit Law, § 30.) It is authorized " to establish and specify the duties and the regulations which shall govern the work and conduct of employees " engaged in the operation and maintenance of a publicly owned and operated railroad, subject to certain requirements of the Civil Service Law (Rapid Transit Law, § 14). In exercising the foregoing power the board of transportation acts as an agent of the State Legislature in carrying out a State function. (*Matter of Colbert* v. *Delaney,* 249 App. Div. 209, 213, 217, [1st Dept.], affd. 273 N. Y. 626.) It has been decided that the court has nothing whatever to do with the wisdom of any proposed contracts made by the board. (*Admiral Realty Co.* v.

*City of New York,* 206 N. Y. 110, 125). The court likewise has nothing to do with the wisdom of a checkoff resolution adopted by the board any more than it could question such a resolution adopted by the State Legislature in regard to employees of the State.

Even if the court could exercise the usual scope of review permitted in an article 78 proceeding, nothing has been shown in support of the application to justify interference with the action of the board of transportation. (*Matter of Murphy* v. *Delaney,* 179 Misc. 436.) The application is denied.