In the Matter of the Application of SAMUEL H. KORNBLUTH, Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act against GRACE A. REAVY, President, and Others, as Commissioners Constituting the New York State Civil Service Commission, Respondents.

Third Department, January 8, 1941.

*Roy P. Monahan* [*James F. Sharkey* and *Arthur C. Goldberg* with him on the brief], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Everett D. Mereness, Assistant Attorney-General*, of counsel], for the respondents.

*Paul Rao*, for the American Legion, *amicus curiæ*.

HEFFERNAN, J. Appellant is an honorably-discharged disabled veteran of the World war entitled to all the benefits and privileges conferred by section 6 of article 5 of the State Constitution and section 21 of the Civil Service Law. Since March, 1932, he has been continuously employed in the classified competitive civil service position of court attendant, Grade A, Court of General Sessions, New York County.

Section 10 of the Civil Service Law directs the Civil Service Commission to make rules, subject to the approval of the Governor, for appointments and promotions in the civil service and to amend those rules from time to time. The rules of the Civil Service Commission have the force and effect of law. (Civil Service Law, § 6.)

The policy by which the Civil Service Commission is to be guided, as far as practicable, is to be found in section 16 of the Civil Service Law, which provides in part as follows:

" § 16. Promotion; transfer; reinstatement; reduction; abolition of position. Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists."

The constitutional provision with respect to promotions in the civil service is to be found under section 6 of article 5, which, so far as material, provides: "Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive  *  *  *.  Laws shall be made to provide for the enforcement of this section."

Prior to June 16, 1939, rule 7 of the Rules for the Classified Civil Service relating to positions in the Court of General Sessions provided:

" In the Court of General Sessions, County of New York, positions shall be graded as follows:

" Grade A. Court attendants.
" Grade B. Court attendants with stenographic qualifications.
" Grade C. Stenographers and typewriters in clerk's office.
" Grade D. Record clerks.
" Grade E. Deputy clerks.
" Grade F. Court stenographers.
" Grade G. Court criers.
" Grade H. Chief court attendants.

" Promotions from Grade A to Grade H; from Grade A to Grade B; from Grade B to Grade C; from Grade C to Grade F; from Grades A, B, C and H to Grade D; from Grade D to Grade E; and from Grade H to Grade G, will be allowed on competitive examination."

On June 16, 1939, this rule was amended by the respondents and became effective on August 21, 1939, when approved by the Governor, to read as follows:

" In the Court of General Sessions, County of New York, positions shall be graded as follows:

" Grade A. Court attendants.

" Grade B. Court attendants with stenographic qualifications.

" Grade C. Stenographers and typists in clerk's office.

" Grade D. Assistant deputy clerk.

" Grade E. Deputy clerks.

" Grade F. Court stenographers.

" Grade G. Court criers.

" Grade H. Chief court attendants.

" Grade Q. Law assistant.

" Grade R. Librarian.

" Promotion from Grade A to Grade B and Grade H; from Grade B to Grade C and Grade D; from Grade C to Grade D and Grade F; from Grade D to Grade E; from Grade G to Grade D (if desired); from Grade H to Grade D and Grade G; from Grade Q to Grade E, will be allowed on competitive examination; Grade R (to be filled by open competitive examination). "

The only question before us is the validity of the amended rule. Appellant contends that it contravenes the Constitution and the Civil Service Law and is arbitrary and capricious. In their answer respondents assert that in adopting the rule in question they acted fairly and impartially and exercised their best judgment and adhered to a long-established and sound policy of requiring at least six months' service in a position inferior to the position for which the promotion examination is conducted.

Prior to the adoption of the rule the Civil Service Commission held a hearing thereon at which hearing appellant and all others opposed thereto were accorded full opportunity for the free expression of their opinions. The minutes of that hearing comprise part of the record before us.

We are not concerned with the wisdom or want of wisdom of the rule before us. The courts have no legislative powers. Our function is to interpret and not to alter statutes or rules adopted pursuant to statutory authority. If the true construction of the criticized rule should be followed by harsh consequences that fact cannot influence the courts in administering the law. The responsibility for the justice or wisdom of the rule rests with the Civil Service Commission and the Governor and it is the province of the courts to construe, not to make, the laws.

It should be observed that prior to its amendment, rule 7 provided for the promotion of court attendant, Grade A, to the position of chief court attendant, Grade H; court attendant with stenographic qualifications, Grade B; record clerk, Grade D. The

amended rule changes the title of Grade D from record clerk to that of assistant deputy clerk. The old rule permitted chief court attendants to compete for promotion to record clerk, Grade D, and court criers, Grade G.

Under the amended rule a court attendant in Grade A, such as appellant, is now eligible for promotion to Grade B, court attendant with stenographic qualifications; and to Grade H, chief court attendant. However, a court attendant in Grade A is no longer eligible to compete for the position of assistant deputy clerk in Grade D. Under both the old and new rules chief court attendants are permitted to compete for promotion to the position of assistant deputy clerk, Grade D, and also to the position of court crier, Grade G, from which latter position court attendants have always been excluded.

Because no longer eligible for promotion directly to the position of assistant deputy clerk, appellant's contention on this appeal is that under the amended rule he and all others similarly situated have been discriminated against in favor of chief court attendants. Appellant may still attain the desired position of assistant deputy clerk through gradation.

We see no merit in this contention. The position of chief court attendant is a higher one than that of court attendant, and carries with it entirely different duties, including supervision of court attendants.

We may not say that respondents and the Governor violated any law in making the classification which they did. We are not warranted in substituting our judgment in place of the body authorized to make the determination. The Commission and the Governor exercised their discretion and unless their decision is illegal, discriminatory, arbitrary or capricious, we may not interfere.

In effect, appellant's argument is that the old rule should have been continued for his benefit. In this he is mistaken.

There can in the nature of things be no vested right in an existing law which precludes its change or repeal nor a vested right in the omission to legislate on a particular subject. In no case is there an implied promise on the part of the State to protect its citizens against incidental injury occasioned by changes in the law. Every citizen in making his arrangements in reliance on the continued existence of laws takes on himself the risk of their being changed, and the State incurs no responsibility in consequence of the change proving injurious to his private interests. The liberty of a citizen does not include among its incidents any vested right to have the rules of law remain unchanged for his benefit. (11 Am. Jur. Constitutional Law, § 372; 16 C. J. S. Constitutional Law, § 223;

*Middleton* v. *Texas Power & Light Co.,* 249 U. S. 152; *Brearley School* v. *Ward,* 201 N. Y. 358; *Preston Co.* v. *Funkhouser,* 261 id. 140.) A repeal or amendment of a statute, however, cannot have the effect of extinguishing vested rights which have been acquired under the former law. (11 Am. Jur. Constitutional Law, *supra;* 16 C. J. S. Constitutional Law, *supra; People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367; 21 N. E. [2d] 318.)

The order appealed from should be affirmed but, under the circumstances, without costs.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Order affirmed, without costs.