In the Matter of the Application of FREDERICK HECHT and Seventeen Others, Petitioners, for an Order against PAUL J. KERN and Others, Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, April 13, 1942.

*Harry H. Zucker*, for the petitioners.

*William C. Chanler, Corporation Counsel* [*Abraham Shapiro* of counsel], for the respondents.

SHIENTAG, J. This is a proceeding under article 78 of the Civil Practice Act by eighteen petitioners to enjoin the municipal civil service commission from promulgating a list for promotion to junior accountant on the basis of an examination held on the 4th day of October, 1941, and to compel the commission to hold a special examination for this position for the petitioners herein and to place those who successfully pass the special examination on an amended list containing the names of those passing the examination of October 4, 1941, and the names of those passing the special examination.

On May 6, 1941, the commission published a notice of examination for promotion to junior accountant, open to " Bookkeepers, Senior Bookkeepers and all persons in grades 2 and 3 of the Clerical Service." The petitioners are railroad clerks in the board of transportation and were not included in the listing of those eligible to take the junior accountant examination. Their request to be considered eligible to compete was refused and they were advised of the commission's denial of their petition for reconsideration of this refusal on June 9, 1941. After the exchange of several more communications which will be discussed later, and the holding of the examination on October 4, 1941, from which the railroad clerks were excluded, the petitioners commenced this proceeding on December 29, 1941.

The basis of the petitioners' claim for relief is that the respondents acted in an arbitrary and capricious manner in denying them the right to take the junior accountant examination. Several reasons have been advanced to sustain this claim. The petitioners were appointed to their present positions as railroad clerks from

a list for clerk, grade 2, of the clerical service which had been declared appropriate for such appointments. They argue that the position of railroad clerk is essentially a clerical position, that the very same position was known as station agent prior to July 1, 1938, and as such was included in grade 2 of the clerical service, and that even after the position was reclassified into the railroad service on July 1, 1938, railroad clerks have been admitted to certain clerical examinations including an earlier examination for promotion to junior accountant. The petitioners further argue that their promotional opportunities have been destroyed by the commission's refusal to declare them eligible for the junior accountant examination.

Railroad clerks are those who run the change booths in subway stations. It is conceded that prior to July 1, 1938, this position was known as station agent and the people filling it were classified in grade 2 of the clerical service and were eligible for all promotional examinations which were open to those in grade 2 of the clerical service. As a part of the general program of reorganizing the employment structure of the Independent Subway System in the light of practical experience and scientific study, station agents were reclassified from the clerical service into the railroad service. The resolution accomplishing this was approved by the State Civil Service Commission on July 1, 1938. In May, 1940, the commission published a promotion chart for the transportation division of the subway system, and this chart provided for various promotional opportunities for railroad clerks in the railroad service.

All of the petitioners herein, with a single exception, were appointed to the position of railroad clerk after March 1, 1941, and knew or should have known that the position was included in the railroad service and that the promotional opportunities lay in that service. With three exceptions the petitioners were appointed from the clerk, grade 2, list. This procedure was authorized by section 14 of the Civil Service Law, because there was no list for railroad clerk available and the commission considered the clerk, grade 2, list " most nearly appropriate " for appointment to railroad clerk. Such appointments cannot be construed as an admission by the commission that the positions of railroad clerk and clerk, grade 2, are similar in their duties and the experience they offer. At most they indicated the commission's belief that a person who had qualified to fill the position of clerk, grade 2, was qualified to enter upon the duties of railroad clerk. It was understood by petitioners at the time of their appointment that acceptance of the position as railroad clerk would terminate eligibility for recertification from the promotion list of clerk, grade 2.

On two occasions since the reclassification on July 1, 1938, the commission, in the exercise of its discretion, permitted railroad clerks to take clerical examinations. In 1939 they were admitted to the junior accountant examination for the reason that the railroad clerks then employed had been in the clerical service before the reclassification. Railroad clerks were admitted to the last examination for promotion to bookkeeper, grade 1, since that position is the lowest in the accounting service and admission to the lowest grade of a service is generally opened to a broader base than admission to a higher grade.

There is ample reason for distinguishing the two instances above from the refusal of the commission to admit the petitioners herein to the junior accountant examination. But even if there were no grounds for distinguishing the situations, the petitioners have no vested right in an existing rule or practice of the commission (*Matter of Kornbluth* v. *Reavy*, 261 App. Div. 60, 63) and the commission can change such practice whenever it acts upon reasonable cause.

In denying the petitioners' admission to the junior accountant examination the commission acted reasonably and well within its discretion. It felt that the duties and experience of a railroad clerk naturally fitted him for higher positions in the railroad service and not for the position of junior accountant. Consideration of the duties of railroad clerks, many of which are common knowledge, and of the contents of recent examinations for promotion to the position, support the commission's contention that the position is essentially a railroad position. The commission acted properly in ruling that the duties performed by the petitioners as railroad clerks did not render them eligible for the junior accountant examination, and in disregarding the fact that they had passed an examination for clerk, grade 2, which was no more than a personal qualification. (Rules Mun. Civ. Serv. Comm. rule V, § 10; Civ. Serv. Law, § 16; *Matter of Mendelson* v. *Finegan*, 168 Misc. 102, 109.)

While classifications within the competitive services are not binding upon the courts in considering eligibility for promotional examinations (*Kelty* v. *Kaplan*, 205 App. Div. 487. See *Story* v. *Craig*, 231 N. Y. 33), it is well established that where there is a fair and reasonable ground for differences of opinion among intelligent and conscientious officials, the action of the commission should stand even though the courts may differ from the commission as to the wisdom of the classification. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Weeks* v. *Kraft*, 147 App. Div. 403.) It is only when the commission's decision

is illegal, discriminatory, arbitrary or capricious that the courts may interfere. (*Matter of Kornbluth* v. *Reavy*, *supra.*) An administrative body's actual experience with the operation of rules and classifications requires that a court should not interfere with actions based upon such experience except in accordance with these principles.

Even if the petitioners herein had a valid claim for relief, it would be barred by the four months' Statute of Limitations prescribed by section 1286 of the Civil Practice Act. As I have already pointed out, the examination was advertised on May 6, 1941, the petitioners' request to be considered eligible was denied, and they were advised of the commission's denial of their petition for reconsideration of this refusal on June 9, 1941. Between June 9 · and December 29, 1941, the date when this proceeding was begun, the petitioners were in communication with the commission in an effort to secure a change in the commission's ruling. They claim that there was no final determination of their exclusion until October 4, 1941, the date of the examination, since as long as the correspondence continued and until the examination was held there was a possibility that the commission might reconsider and admit them.

· This position is untenable. The latest possible date from which the statute must be deemed to run is June 9, 1941, when the refusal of their appeal was communicated to them. That was a final and binding determination as required by the statute. As the Appellate Division stated in *Matter of Hall* v. *Leonard* (260 App. Div. 591, 595), the petitioners " could not by renewing the application and procuring it to be disapproved, indefinitely extend the limitation imposed by section 1286," as their " right to maintain the proceeding was complete when the first application was denied."

If the petitioners' contention were upheld, the statute would never begin to run in a case like the instant one until the examination was held. This is squarely in conflict with the purpose of the limitation which seeks a prompt disposal of these questions. If this petition had been brought on promptly it either could have been disposed of before the examination or the commission could have admitted the petitioners conditionally to the examination. The right to bring this proceeding expired on October 9, 1941.

The application is denied and the petition is dismissed. Settle order.