In the Matter of Philip J. Clare, Respondent, against Edward S. Silver, as District Attorney of Kings County, et al., Appellants.

Second Department, March 25, 1957.

*Jacob K. Javits, Attorney-General (Irving L. Rollins, James O. Moore, Jr., Samuel A. Hirshowitz* and *Arthur B. Spielberg* of counsel), for Civil Service Commission, appellant.

*Edward S. Silver, District Attorney,* in person, (*Aaron Nussbaum* of counsel), for District Attorney, appellant.

*Peter Campbell Brown, Corporation Counsel (Anthony Curreri* and *Seymour B. Quel* of counsel), for Abraham D. Beame, as budget director, appellant.

*James F. Ryan* for respondent.

MURPHY, J.   Respondent, an honorably discharged soldier within the purview of section 22 of the Civil Service Law, has instituted this proceeding pursuant to article 78 of the Civil Practice Act, to compel reinstatement to his position as county detective under its present reclassified title of detective investigator in the office of the District Attorney of Kings County. Appellants are the District Attorney, the budget director of the City of New York and the State Civil Service Commission.

Solely as the result of a classification survey made by the commission, respondent has been transferred by the other appellants from his position of county detective to the position of process server.   He claims that, in the absence of a charge of incompetency or misconduct, such transfer constitutes a summary removal from his position of county detective and that such removal is proscribed by section 22 of the Civil Service Law which, so far as pertinent, provides:

" No person holding a position by appointment or employment in the state of New York, or in the several cities, counties, towns or villages thereof   *   *   *   who is an honorably discharged soldier, sailor, marine   *   *   *   shall be removed

from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review pursuant to article seventy-eight of the civil practice act. If the position so held by any such honorably discharged soldier, sailor, marine * * * shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor, marine * * * holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective.''

Appellants contend that respondent's transfer is simply the unavoidable by-product of the commission's classification survey which it made in 1952 for the purpose of ascertaining the actual duties then being performed in each position in the District Attorney's office and for the further purpose of assigning to such position an appropriate descriptive title on the basis of such duties. Appellants, therefore, take the view that respondent's transfer did not violate his rights under section 22. For reasons hereinafter stated we are constrained to take a different view.

. The admissions and stipulations made by the parties before the Special Term and the Official Referee leave no disputed questions of fact. Only issues of law are presented, namely: (1) whether, under the circumstances here, respondent's transfer to the position of process server constitutes a summary removal from his position of county detective, and (2) if so, whether such removal comes within the ban of section 22.

The pertinent facts may be briefly stated. On January 13, 1942 the then District Attorney of Kings County appointed respondent to the position of county detective — a position in the exempt class of the civil service. For some five years he performed the wide variety of duties authorized and contemplated by statute for '' County detectives in counties of Bronx and Kings '' (County Law, § 938). He also had been assigned to the county court bureau of the District Attorney's office, where he aided an assistant district attorney in the preparation of his cases for trial and in the assembling of the prosecution witnesses at the trial. His duties necessarily involved a large measure of discretion and responsibility.

Since October, 1947, however, by direction of the District Attorney, respondent has been engaged exclusively in serving process and locating witnesses on behalf of the District

Attorney's office. These two functions are only a part of the comprehensive duties authorized by the statute (County Law, § 938) and previously performed by the respondent. He did not ask for such restricted work; he has at all times remained ready, able and willing to resume the full scope of his former duties as authorized by the statute, and no question has been raised as to his ability, or as to his availability, to do so.

In 1952, at the District Attorney's request, the commission undertook a classification survey of all the positions in his office. This survey, however, was confined to the work actually performed by all the incumbents, including respondent, at the time it was made. With the work which he had theretofore performed or with the work which legally was appurtenant to his position of county detective (cf. County Law, § 938), the commission was unaware and unconcerned.

Based on such survey the commission on November 24, 1953, pursuant to section 10 of the Civil Service Law, adopted resolutions reclassifying most of the positions in the District Attorney's office and changing their civil service status. Among other changes, 11 positions bearing the title of county detective were reclassified as follows: seven to detective investigator, one to senior detective investigator, one (held by respondent) to process server, and two to junior assistant district attorney. Three other existing titles were also reclassified as follows: one position of investigator was changed to detective investigator; one position of confidential attendant was changed to detective investigator; and one position of chief investigator was changed to senior detective investigator. Except for the new title of junior assistant district attorney, all the other new titles mentioned were placed in the competitive class.

On September 10, 1954 the Governor approved the commission's resolutions, and on September 23, 1954 such resolutions were duly filed in the Department of State.

It should be particularly noted that this reclassification resulted in the same total number of positions under the new title of detective investigator (including senior detective investigator) as there were under the old title of county detective, namely, 11. Respondent, nonetheless, now has neither title.

At the trial, in lieu of proof, all the parties stipulated that " the duties performed by the employees under the title of Detective Investigator are substantially the same duties performed by the employees under former title of County Detective ". The parties also stipulated to the truth of the allegation in paragraph " 7 " of the petition, namely, that the reclassification of respondent's title from county detective to process

server as made by the Civil Service Commission rested " wholly and solely on the fact that [respondent] was performing the restricted duty of serving process at the time the said Department * * * conducted its inquiry and not on [respondent's] inability to perform the duties of a County Detective, or the result of a complaint and charges for incompetency or misconduct."

On April 5, 1955 two of the appellants, the budget director and the District Attorney, proceeded to make effective the commission's reclassification. On such date respondent's title was officially changed in the city's budget from county detective to process server. His salary, however, remained unchanged. While not expressly stipulated, the undisputed inference is that at the same time the titles of the other employees in the District Attorney's office were also changed to accord with the commission's reclassification.

As the final result of the actions of all the appellants, the respondent since April 5, 1955 has been holding the position of process server in the competitive class. There are seven others in that same title and class. It is admitted: (1) that after examination in competition with the other seven, respondent may become eligible for promotion to the position of supervising process server, (2) that if respondent had been given the title of detective investigator, then, after examination in competition with the other 11 holding such title, he would have been eligible for promotion to the position of senior detective investigator, and (3) that the salary ranges (minimum and maximum) for the latter position are higher than the salary ranges for the position of supervising process server.

Throughout this controversy, while respondent did not attack the commission's general power to classify positions in the District Attorney's office, nevertheless, before the commission's representative at the classification hearing, before the Special Term, and before the Official Referee, respondent repeatedly pressed his rights as a veteran under section 22 and urged that without charges of incompetency or misconduct he cannot be ousted from his position of county detective by reason of any process of reclassification. He vigorously and persistently challenged the propriety and the validity of any change which would have such an effect.

On the undisputed facts, it clearly appears to us that respondent's transfer to the position of process server constituted, in practical effect, summary removal from his position of county detective, without charges of incompetency or misconduct; that such removal arbitrarily deprived him of the " security of

tenure " which section 22 is intended to safeguard (*Matter of Meenagh* v. *Dewey,* 286 N. Y. 292, 303), and that consequently the removal violated such statute.

At the outset it may be noted that, for the following reasons, respondent is clearly aggrieved as the result of his transfer from his position of county detective to the position of process server:

(1) The new position of detective investigator has become the counterpart of his old position of county detective;

(2) As process server his promotional potential is less than as detective investigator, in that, while he would be eligible to take the competitive examination for supervising process server, he would not be eligible to take the competitive examination for promotion to the position of detective investigator or senior detective investigator, although for many years, under the title of county detective, he had satisfactorily performed the duties of the position of detective investigator;

(3) His maximum salary in the position of supervising process server would be less than his maximum salary in the position of senior detective investigator, and

(4) The position of detective investigator and its counterpart, the old position of county detective, are substantially different and much more important than the position of process server, because the former positions embrace a wider scope of duties and greater responsibilities.

The position of process server, while it includes one of the duties of the position of county detective, is essentially different.

This follows from the fact that the duties which are legally appurtenant to a position constitute the test and the decisive factor in determining the identity or similarity of positions, rather than the duties which the incumbent from time to time may actually perform (cf. *Matter of Meenagh* v. *Dewey,* 286 N. Y. 292, 300–304, *supra*). The duties legally appurtenant to the position of county detective are outlined and prescribed by statute (County Law, § 938). As thus outlined and prescribed they are vastly broader, both presently and prospectively, than the duties which may be legally performed under the title of process server, and, as stated, they also involve a large measure of discretion and responsibility. Their comprehensive nature cannot be deemed to have been diminished by the fact that for some temporary period the incumbent, through no choice of his own, was confined to certain ministerial functions such as serving process.

The basic test to determine whether an employee has been removed from his position is to compare the legally permissible duties in his new position with those of the old. When the

difference in such duties is substantial, as here, it becomes obvious that the employee has been effectively ousted from his old position, even though the new position may possibly possess certain incidental, but unwanted, advantages.

Consequently, it must be held that respondent's transfer to the position of process server resulted in his effective removal from his old position of county detective and in the effective destruction of the security of tenure accorded him by section 22. Such result nullifies the statutory prohibition and frustrates its intent. Such result also does violence to the declared public policy of this State that a reclassification of titles shall not impair any existing right or benefit possessed by any incumbent (L. 1953, ch. 281, § 4; cf. Civil Service Law, § 39-a, subd. 3).

Respondent's summary removal is sought to be justified on the basis of the latter part of section 22 quoted above. In this part it is provided that if the position held by the veteran " shall become unnecessary or be abolished for reasons of economy or otherwise " then, without charges of incompetency or misconduct, he may be transferred " for duty in such position as he may be fitted to fill " as long as he receives the same compensation. It is contended, in effect, that since respondent's old title has been abolished, his transfer to the position of process server at the same salary constitutes his transfer for duty in a position which he is qualified to fill.

The fallacy of this contention is that, while respondent's *old title* has been abolished, his *old position* and the duties thereunder have not become unnecessary and have not been abolished at all. The portion of section 22 relied upon contemplates two situations: (1) that the actual work of the position has become unnecessary, not that its title has become unnecessary, or (2) that " for reasons of economy or otherwise " the position (and not its title) has been abolished either by the lapse of all its duties or by their lawful transfer to existing incumbents of existing positions. Only upon the occurrence of any one of such events may the veteran be removed from his old position without charges.

Here, of course, there is no proof whatsoever that the old position of county detective or the work thereunder had become unnecessary or that such position had been abolished for reasons of economy or otherwise. On the contrary, the facts are that all the work previously performed under the 11 old titles of county detective has continued without abatement and without interruption, and that it is being performed by the 11 incumbents, other than respondent, under the reclassified title of detective investigator (including senior investigator). It

has even been stipulated that the duties performed by the incumbents under the old and the new titles " are substantially the same."

In effect, then, all we have here is a new title of detective investigator which embraces identically the same duties previously performed under the old title of county detective. The conclusion appears to us to be unavoidable: (1) that the old position of county detective has not become unnecessary nor has it been abolished but that it persists under the new label of detective investigator, (2) that respondent has been removed from his old position and degraded or demoted to the position of process server, (3) that in his new position his duties have now been permanently restricted to the serving of process, and (4) that he is permanently debarred from resuming the comprehensive statutory duties appurtenant to his old position, especially since it is conceded that under his new title he is not eligible to take the competitive examination for promotion to the new position of detective investigator.

The gravity of the injustice to this respondent is pointed up by the fact, already noted, that three positions other than that of county detective were reclassified and allocated to the new title of detective investigator. It cannot be denied that the incumbents of such three new positions are now legally performing the same duties previously performed by the incumbents of the old positions of county detective. Hence, the indirect but real results of the commission's reclassification and of the actions of the other appellants in utilizing it, were: (a) to enlarge the range of the legally permissible duties of said three incumbents to such an extent as virtually to make them new appointees to the position of detective investigator, and (b) by permitting their legal assumption of the comprehensive duties appurtenant to the old position of county detective, to displace respondent from that position (cf. *People ex rel. Davison* v. *Williams*, 213 N. Y. 130, 134–136; *Matter of Meenagh* v. *Dewey*, 286 N. Y. 292, 300–304, *supra*).

It thus becomes manifest that through the innocent medium of reclassification the security of tenure granted to respondent by section 22 has been arbitrarily destroyed. At the will of one department and two officials, a veteran incumbent has been removed from one position and demoted to an inferior position while the duties legally appurtenant to his old position have been assumed by three others, whose titles were changed to permit their legal assumption of such duties. As stated, such change in title made these three new titleholders virtually new appointees. It has been held that any juggling or reshuffling

of titles or duties, no matter how innocently done or how artfully contrived, which results in a veteran losing his position and a new appointee under the same or another title performing the duties of such veteran's position, is tantamount to removing the veteran from his position, and, unless he has been removed on charges as prescribed by the veteran statute, he is entitled to be reinstated to his old position whatever its current title may be (*People ex rel. Davison v. Williams,* 213 N. Y. 130, 134–135, *supra; People ex rel. Shield v. Scannell,* 48 App. Div. 69; *People ex rel. Weeks v. Ward,* 4 Misc 2d 1030, and cases there cited, affd. 179 App. Div. 905).

One other point remains to be considered, namely, whether this proceeding is barred because it was not commenced within the time prescribed by statute (Civ. Prac. Act, § 1286). Such section provides that a proceeding under article 78 of the Civil Practice Act to review a determination must be commenced '' within four months after the determination to be reviewed becomes final and binding upon the petitioner ''. While nominally this proceeding was brought '' to compel performance of a duty specifically enjoined by law '' and is so captioned, actually its purpose is to review an administrative determination which is claimed to be contrary to law. On this appeal and also in the lower court this proceeding has been so treated by all the parties, and was so treated by the learned Official Referee and the Special Term. Consequently, we treat the proceeding in the same manner.

As previously indicated, the commission here made its reclassification by resolutions which were dated November 24, 1953, approved by the Governor on September 10, 1954 and filed in the Department of State on September 23, 1954. The other two appellants, the budget director and the District Attorney (that is, the fiscal and appointing authorities), invoked and utilized the commission's resolutions on April 5, 1955. Respondent commenced this proceeding some two months later — on June 27, 1955. Appellants urged dismissal of the proceeding on the ground that respondent's time to institute it commenced to run either from the date of the commission's resolutions or from the date they were filed, that is, either in 1953 or 1954. We cannot agree.

The commission's representative frankly admitted that its reclassification relates to the positions and not to their incumbents and, hence, the reclassification here was impersonal and '' did not operate to remove [respondent] from his position or to transfer him from one position to another.'' That undoubtedly is a correct appraisal of the situation. As far as respondent

is concerned, until the reclassification was applied to him personally it necessarily remained in a state of suspense or in the status of a mere regulation made by a supervisory body (cf. *Matter of Miller* v. *State,* 279 N. Y. 74, 79). Until it was implemented and acted upon by the fiscal and appointing authorities it remained wholly ineffectual as to him. It was not until April 5, 1955, when such authorities changed respondent's title in the budget, that they purported to act upon the reclassification and thus evidenced their determination to utilize it and to apply it to respondent. It was on such date that respondent was effectively removed from his old position and transferred to the new position of process server. It was on such date that any determination became "final and binding, upon the petitioner" (Civ. Prac. Act, § 1286).

In other words, it was the subsequent determination of such authorities to invoke the reclassification against respondent which was the effective and the proximate cause of his removal, even though their determination was made in reliance on the commission's prior determination as to the reclassification. It is primarily that subsequent determination to remove respondent which is being reviewed here. The right to such review is expressly conferred by section 22. Respondent has proceeded under that statute, and not under any other. The fact that the commission's prior determination to reclassify the position held by respondent has also been subjected to review, is merely a necessary but collateral incident to the review under section 22 of the other appellants' determination to remove respondent. The reclassification was nothing more than a link in the chain of events which culminated in the illegal removal.

The order should be affirmed, with $10 costs and disbursements.

NOLAN, P. J. (dissenting). Section 10 of the Civil Service Law directs the Civil Service Commission to make rules, subject to the approval of the Governor, for the classification of the offices, places and employments in the classified service of the State and of the cities and civil subdivisions, for appointments and promotions therein and examinations therefor, and to amend such rules from time to time. The rules of the Civil Service Commission have the force and effect of law. (Civil Service, Law, § 6, subd. 1.) Pursuant to this statutory authority, appellant Civil Service Commission undertook a classification survey of all of the positions in the office of the District Attorney of Kings County. The authority of the commission to make the survey and, as a result thereof, to reclassify the positions is not disputed in this proceeding.

The record discloses that prior to the reclassification there were in the District Attorney's office 11 positions, each denominated as county detective. Four of these positions were in the exempt class including the position of which respondent was the incumbent. The commission determined that not one of the positions so designated required or involved substantially the full scope of the duties and responsibilities provided for the position of county detective under section 938 of the County Law. Seven of those positions, involving partly detective and partly investigative work, were reclassified to the title of detective investigator. Three were otherwise reclassified and one, in the process serving department, held by respondent, was reclassified to the title of process server. Respondent, for almost seven years prior thereto, had performed duties which consisted of serving legal papers and locating witnesses in New York and Bronx Counties, and he did not contend that he had been, or was at that time, assigned to any other duties of a different nature. At the same time the positions of two employees of the County Court bureau of the office, denominated respectively as investigator and confidential attendant, were reclassified to the title of detective investigator. We must assume, in the absence of evidence to the contrary, that the incumbents of those positions were performing, prior to the reclassification, substantially the same duties as those previously performed under the title of county detective and now performed under the new title of detective investigator by the seven former county detectives who are now designated as detective investigators. All the positions, classified under the title detective investigator, and that which respondent occupied, reclassified under the title process server, were given competitive status.

The reclassification, and the change in the name of the positions formerly held by respondent and the other county detectives, did not, in our opinion, abolish that office or position, but preserved it under a changed classification and under different titles. Seven of the former county detectives, and two other employees of the District Attorney, are performing the same duties as those which they previously performed, under the title detective investigator. Respondent is performing precisely the same duties as those which he has performed for many years, under a new title, process server. All that has been effected in respondent's case is a reclassification of the position of which he is, and was, the incumbent from the exempt to the competitive class, and a change in the title of the office from that of county detective to that of process server. Con-

cededly, respondent's salary has not been reduced, and although it may be that the incumbents of the positions designated as detective investigator, may be able, through the process of examination and promotion, to achieve ultimately a slightly higher salary than that which respondent may obtain, by the same process, it appears from the record that respondent may be able, through such process, to obtain a higher salary than that which he could have obtained under the prior designation of his position as that of county detective. Although his duties as process server are more restricted than those which could have been assigned to him as county detective, and may be different from those assigned to the detective investigators, it is apparent that his duties could have been, and were, so restricted prior to the reclassification. Respondent has not been removed from the position which he held, within the meaning of section 22 of the Civil Service Law, nor has he been deprived of any vested rights by means of the reclassification complained of.

Respondent had no vested right in rules of the commission as they formerly existed, either with respect to the exempt status of his position or with respect to its title. The jurisdiction of the commission in the premises is prescribed by statute and its action may be set aside by the courts only if such action is palpably illegal, or on proof that it was without rational basis and wholly arbitrary. (See *Matter of Hecht* v. *Kern,* 178 Misc. 571; *Matter of Weeks* v. *Kraft,* 147 App. Div. 403; *Matter of Kornbluth* v. *Reavy,* 261 App. Div. 60; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Meenagh* v. *Dewey,* 286 N. Y. 292.) The record does not disclose any illegality in the reclassification nor does the reclassification itself appear to have been arbitrary or capricious. No valid complaint may be made, therefore, as to a change in the rules, or as to the action of the appellants Silver and Beame pursuant thereto.

If it be assumed that the effect of the reclassification and change in title of the positions in the District Attorney's office was to abolish the position of county detective of which respondent was the incumbent, he has, nevertheless, no valid complaint. There is a complete absence of proof in the record that there was a vacancy in the position of detective investigator to which respondent could be transferred or that he had any right to be transferred to that position in preference to any of the present incumbents. On the record presented it must be held that if respondent's position was abolished, his only right under section 22 was to be transferred to such position as he

382

might be fitted to fill, at the same compensation which he had received.  (Cf. *Matter of McNamara* v. *Holling,* 282 N. Y. 109; *Matter of O'Donnell* v. *Sinnott,* 266 App. Div. 176, 177.)

The order should be reversed and the proceeding should be dismissed.

UGHETTA and KLEINFELD, JJ., concur with MURPHY, J.; NOLAN, P. J., dissents and votes to reverse the order and to dismiss the proceeding, in opinion in which WENZEL, J., concurs.

Order affirmed, with $10 costs and disbursements.