Isadore Bookstein, J.
Petitioners, with the exception of Mahoney, were appointed during the period 1950-1952 to seasonal pari-mutuel examiner positions at harness racing tracks in the New York City metropolitan area on a per diem salary basis. Petitioner Mahoney was appointed in 1954 to a similar seasonal position. At the time of the appointment of the petitioners, other than Mahoney, rule XIII of the Rules for the Classified Civil Service was in effect (see N. Y. Off. Comp, of Codes, Rules & Regulations, p. 361). This rule was promulgated pursuant to sections 10 and 11-a of the then Civil Service Law. This rule provided for the designation of seasonal positions and provided that those who originally were appointed to or employed in such positions and who were temporarily separated from the service upon the expiration of employment therein in any year should be entitled to reappointment or to re-employment in the “ same position in the next ensuing year,” provided a request for such reappointment or re-employment was made as prescribed in the rule. The rule further provided for the certification of names of persons having made requests for reappointment or re-employment, and for reinstating them in the positions vacated by them in the previous year provided they were not disqualified for reappointment under subdivision 4 of rule IX.
*927 It is to be noted that rule XVI in the same rules provided for the creation of preferred lists for persons separated from the service while holding positions in the competitive class. Thus, the rules at that time clearly made a distinction between seasonal positions and lists from which persons might be reappointed thereto and persons separated from service while holding positions. Rule XVI reflected the provisions of the then section 31 of the Civil Service Law.
While in rudimentary language, when compared to subsequent revisions of the provisions presently providing for seasonal appointments, the language of rule XIII was sufficiently clear to indicate that the right of a person appointed to a seasonal position to reappointment to such position related only to seasonal positions and, when compared with rule XVI, there was a clear distinction between the right to reappointment to a seasonal position and having one’s name put on a preferred list by reason of abolition of a position in which he was then serving.
In 1952, the provisions of rule XIII were revised and renumbered XIII-A (N. Y. Off. Comp, of Codes, Rules & Regulations [8th Cum. Supp.], pp. 89-90). This revision is dated December, 1952 and, in addition to continuing the provisions that were in the original rule when the petitioners, with the exception of Mahoney, were appointed, provides for the creation of seasonal re-employment lists for persons appointed to seasonal positions, and made it crystal clear by specific provision that a seasonal re-employment list should not be deemed to be a preferred list under the then section 31 (now § 81) of the Civil Service Law. The 1952 revision further provided that when a vacancy occurred in a full-time competitive class position having duties similar to those of a seasonal position and for which no appropriate open-competitive eligible list is available, .the Civil Service Commission could during the employment season certify those holding seasonal positions to fill such vacancy or if the vacancy occurred other than during the employment season, the commission might certify ‘1 the names of the three persons standing highest on the appropriate seasonal re-employment list” to fill the vacancy in the full-time position. Since petitioners, other than Mahoney, had no vested rights under rule XTTT as it existed, when they were appointed, the commission had power to revise it for proper purposes. (Matter of Hecht v. Kern, 178 Misc. 571.)
In July, 1953 the last subdivision of rule XIII-A was again amended (Off. Comp, of Codes, Rules & Regulations [9th Cum. *928 Supp.], p. 89). This revision did not make any substantial change in the last subdivision so far as this proceeding is concerned.
It was after rule XIII-A had been revised in 1952 and 1953 that petitioner Mahoney was appointed.
To round out the picture, the present rule with respect to appointments to seasonal positions is rule 23 for the classified service (Civil Service Comm., Rules for the Classified Service, rule 23). In its present form, it is substantially similar to the 1952 and 1953 revisions. This rule became effective September 8,1959.
On December 14, 1957 an open competitive examination was held for the position of pari-mutuel examiner, in which none of the petitioners competed. As a result of this examination, an eligible list was established on February 25, 1958. Even though this eligible list existed, petitioners were reappointed in 1958 to then existing seasonal positions in accordance with then rule XIII-A. However, in 1959 permanent positions of parimutuel examiner were created and the seasonal positions discontinued. During the period when petitioners were not serving in temporary positions, appointments were made from the February 25, 1958 eligible list to the permanent positions. Petitioners have challenged such appointments and have brought this proceeding (Civ. Prac. Act, art. 78) based on the claim that they should have been appointed to the permanent positions.
While the letters of original appointment of petitioners did refer to the fact that at the close of a racing season their names would be placed on a “ preferred eligible list ”, this was not in fact in conformance with then existing rules XIII (or XIII-A) and XVI. Their names actually were placed on seasonal re-employment lists, which made them eligible for reappointment or re-employment to seasonal positions. The reference in the letters of appointment to the term 11 preferred eligible list ’ ’ does not estop the State from relying on the precise wording of the applicable rules. The letters of appointment were, however, in terms of appointments to seasonal positions and to reappointments to seasonal positions.
Petitioners argue that what has been done here is in violation of the then sections 22 and 31 of the Civil Service Law. Section 22 covers cases of removal from positions. Petitioners were, in fact, not removed at the time the appointments were made \o the permanent positions nor were they “removed” when rhe permanent positions replaced the temporary ones. Petitioners at that time were in the status where their names were on seasonal re-employment lists and were at that time holding
*929 no seasonal positions. Accordingly, they were not “ removed ” from any position. With respect to then section 31, such section likewise is not applicable here. It was phrased in terms of separation from service or abolition of a position while a person is “ holding a position'in the competitive class.” As has been demonstrated above, the petitioners were not “holding” positions at the time the temporary positions were discontinued and appointments made to permanent positions. Accordingly, then section 31 is not applicable.
Petitioners had ample notice through the wording of rule XIII-A of the Buies for the Classified Civil Service as amended in 1952 and 1953, as to their status and right to re-employment to “ seasonal positions.” Furthermore, rule XIII-A was crystal clear that persons holding or entitled to reappointment to seasonal positions were eligible for appointment ,to permanent positions of the same nature only if an open competitive eligible list was not available. Accordingly, they should have competed in the 1957 examination on the basis of which the eligible list of February 25, 1958 was established.
Original rule XIII, and rule XIII-A as revised in 1952 and 1953, as has been demonstrated above, is not in conflict with or inconsistent with then sections 22 and 31 of the Civil Service Law. Bather, the rule represents an exercise of the rule-making power of the Civil Service Commission to effectuate generally the purposes of the Civil Service Law. The rule relating to appointments to seasonal positions and to rights of appointees to reappointment and re-employment in seasonal positions is a beneficial one, which administratively has been in effect from at least 1945 when rule XIII originally appeared in the official compilation. Undoubtedly, many appointees to seasonal positions rely upon present rule 23 for their reappointment and re-employment rights to similar positions. Since it is not in conflict with the then sections 22 and 31 of the Civil Service Law, and since it is in furtherance of appropriate civil service objectives, the rule cannot be said to be invalid or illegal.
Accordingly, the petition should be dismissed. Submit order.