Edward S. Conway, J.
Petitioners make this motion for an order pursuant to CPLR article 78:1) declaring that the procedure outlined in respondent Brsa H. Poston’s memorandum annexed herein was improper, illegal and therefore null; 2) prohibiting respondents from taking any acts in connection with the procedure outlined in said memorandum; and 3) rexdewing the procedure outlined in -said memorandum and declaring it arbitrary and capricious and in violation of law.
Respondent Brsa H. Poston, President of the State Civil Service Commission, issued a memoranduin on April 5, 1974 *830 establishing a two-year trainee program for certain grade 18 administrative positions. The second part of the program provides that an incumbent of the position with one year or more of permanent service in a grade 14 position in direct line of promotion to a grade 18, may be advanced to the senior level without examination at the discretion of the appointing officer with the approval of the Division of Classification and Compensation and the Division of the Budget.
Petitioners herein are employees of the State of New York who occupy a position allocated to salary grade 14, and make this application on their own behalf and on behalf of all other employees of the State of New York who occupy a position allocated to salary grade 14, alleging that this program discriminates against them and that the establishment of the program has unlawfully restricted their career and promotional opportunities.
The respondents contend that petitioners are not personally aggrieved Iby the establishment of the two-year trainee program and thus have no standing to sue. Further they contend that the program is in full compliance with the State Constitution and the Civil Service Law and rules, and the treatment of the incumbents of those positions included in the program is not violative of the State Constitution or the Civil Service Law and rules.
The petitioners contend that as citizens, residents and taxpayers they have a right to bring an article 78 proceeding even though they may not show a personal grievance or personal interest in the outcome, and further, that the Civil Service Law does not abrogate the need for a competitive examination.
The court determines that petitioners do have standing to bring this article 78 proceeding as citizens, residents and taxpayers of the State of New York (see Matter of Policemen’s Benevolent Assn. of Westchester County, v. Board of Trustees of Vil. of Croton-on-Hudson, 21 A D 2d 693 and cases cited therein).
In reviewing the administrative action taken by the respondents, the basic question presented is, of course, whether the two-year program was arbitrary, capricious or unreasonable. It is clear that the function of the Civil Service Commission in implementing the two-year program affecting those grade 14 positions is subject to judicial review only in the event of a clear showing that its action was arbitrary or capricious (Matter of Cowen v. Reavy, 283 N. Y. 232; People ex rel. Sweeney v. Rice, 279 N. Y. 70, 73; Matter of Andresen v. Rice, 277 N. Y. 271).
*831 Many arguments for the two-year program are given in the respondents’ answering papers. This court cannot agree with all of them but must accept some of them as being sufficient to sustain its action. The establishment of the trainee program is authorized by section 4.3 of title 4 of the Official Compilation of Codes, Rules and Regulations of the State of New York (4 NYCRR 4.„3), under statutory authority of section 6 of the Civil Service Law. The positions included in the plan were appropriately reclassified by the Director of Classification and Compensation in accordance with his authority and with the approval of the Director of the Budget. All future vacancies in positions included in the program are to be filled only by competitive examinations.
The Appellate Division, Third Department, in Matter. of Kornbluth v. Reavy (261 App. Div., 60, 62) stated: “ We are not concerned with the wisdom or want of wisdom of the rule before us. , The courts have no legislative powers. Our function is to interpret and not to alter statutes or rules adopted pursuant to statutory authority. If the true construction of the criticized rule should ¡be followed by harsh consequence^ that fact cannot influence the courts in administering the law. The responsibility for the justice or wisdom of the rulé rests with the Civil Service Commission and the Governor and it is the province of the courts to construe, not to make, the laws.”
'And on page 63: “ We may not say that respondents and the Governor, violated any law in making the classification which they. did. We are not warranted in substituting our judgment in place of the body authorized to make the determination. The Commission and the Governor exercised their discretion and unless their decision is illegal, discriminatory, arbitrary or capricious, we may not interfere.”
There has been no showing to this court’s satisfaction that respondents acted in an illegal, discriminatory,' arbitrary or capricious manner.
In view of the foregoing, the application of petitioners is denied.