PEOPLE ex rel. ARDEN v. GALLAGHER et al., Civil Service Commission.

(Supreme Court, Appellate Division, First Department.   December 31, 1913.)

MUNICIPAL CORPORATIONS (§   194*)—CIVIL SERVICE COMMISSION — ELIGIBLE
   LISTS—DISCRETION.
      The municipal civil service commission of the city of New York, exam-
   ining applicants for the position of fire prevention inspectors for the
   bureau of fire prevention in the bureau of the fire department, as provided
   by Greater New York Charter (Laws 1901, c. 466) § 727, as amended by
   Laws 1911, c. 899, may in its discretion establish two eligible lists, one con-
   taining the names of the men passing the examination, and the other the
   names of the women, and mandamus will not issue to compel the commis-
   sion to enter the names of all persons, men and women, passing the ex-
   amination, on one list.
      [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   533; Dec. Dig. § 194.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Juliette Arden, against
Frank Gallagher and others, constituting the Municipal Civil Service
Commission of the City of New York, to compel the Commission to
establish one continuous eligible list of persons who have passed an
examination for a position.   From an order denying a motion for a
peremptory mandamus, relator appeals.   Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-
LING, and HOTCHKISS, JJ.

John E. O'Brien, of New York City, for appellant.
Terence Farley, of New York City, for respondents.

SCOTT, J.   The relator seeks by writ of mandamus to compel the
defendants, constituting the municipal civil service commission of the
city of New York, to establish one continuous eligible list, upon which
they shall enter the names of all the persons, both men and women, who
passed the examination for the position of inspector, fire prevention
bureau, grades 2 and 3, conducted by said municipal civil service com-
mission on December 26 and 27, 1912, all said names to be inserted
on said list in the order of their average rating secured on said ex-
amination.

The bureau of fire prevention is a bureau of the fire department, and
the necessity of the appointment of inspectors results from the duties
imposed upon the fire commissioner by section 727 of the Greater New
York Charter as amended by chapter 899, Laws 1911.   In March, 1912,
the first advertisement for the examination of applicants for the posi-
tion of fire prevention inspector was published in the official paper.   It
contained no specification as to the sex of applicants, but stated as one
of the qualifications that "the candidate should have had experience
as builder, architect, or inspector."   The time fixed for receiving appli-
cations under this advertisement expired April 3, 1912.   The relator did
not apply in response to this advertisement.   On April 15, 1912, a
second advertisement of such examination was commenced, which
referred especially to female applicants, and which omitted the re-

quirement that the applicant should have had experience as builder, architect, or inspector. The relator filed her application in response to this advertisement on April 15, 1912. The examinations for both men and women were held on the same day, and the same written questions were put to both. The commissioners, after deliberation, decided to establish and did establish two eligible lists, on one of which were placed the names of the men who had passed the examination, and on the other the names of the women who had passed. The object of this proceeding is to overrule this action of the commission and to compel the establishment of a single list, containing the names of both men and women.

We agree with the learned justice at Special Term that the action of the commission in establishing the two eligible lists is a reasonable exercise of discretion, which offends against no law, and which should not be interfered with by the court. Matter of Schlivinski, 80 App. Div. 313, 80 N. Y. Supp. 726. The establishment of separate eligible lists for men and women is no new thing, and, as we are informed by the affidavit of one of the defendants, has never before been attacked. It is quite obvious that there must be positions as to which such separate lists ought to be promulgated, for the immutable difference in the ability to do certain kinds of work between men and women must be given due consideration. Whether or not such differences apply to any particular occupation depends upon the nature of the duties to be performed, and the determination as to this rests, in the first instance, at least, with the civil service commission and the appointing power. Certainly, unless it appears, as it does not appear in this case, that this discretion has been abused, no right has been violated which would warrant the interposition of the court by its writ of mandamus.

Order affirmed, with $10 costs and disbursements. All concur.