In the Matter of MEYER LICHTENSTEIN, Individually and as Chairman of the Committee for the Preservation of the Merit System of Appointments in the New York City Public Schools, Appellant, against WILLIAM JANSEN, as Superintendent of Schools of the City of New York, et al., Respondents.

First Department, October 22, 1957.

*A. Mark Levien* for appellant.

*Isadore Heyman* of counsel (*Seymour B. Quel* and *Robert E. Hugh* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondents.

*Frank E. Karelsen* of counsel (*Robert M. Benjamin* and *Fred N. Fishman* with him on the brief; *Frank E. Karelsen,* attorney), for Public Education Association, *amicus curiæ.*

*Jules Kolodny* for the New York Teachers Guild, *amicus curiæ.*

McNally, J. Petitioner seeks an order directing the respondents to make appointments of principals and junior principals of elementary schools from eligible lists irrespective of sex. On May 10, 1954 the Board of Examiners of the Board of Education, at the direction of the Superintendent of Schools, announced two competitive examinations, one for the license of principal and the other for the license of junior principal of elementary schools. On December 20, 1956 the Board of Examiners certified to the Superintendent of Schools two lists of 161 persons who had passed the examination for the principal's license, one of 119 men and the other of 42 women, in the order of their ratings on the respective lists. On January 16, 1957 the Board of Examiners certified to the Superintendent of Schools the names of 343 persons who had passed the examination for the junior principal's license which were divided into two separate eligible lists, one consisting of 220 men and the other of 123 women, in the order of their ratings. Thereafter, the Board of Education decided to appoint 60 to fill the vacancies for principal, of which 44 were to be men and 16 were to be women; and to fill 59 junior principal vacancies, of which 38 were to be men and 21 women.

The gravamen of petitioner's objections is not so much that different numbers of women and men were appointed from the separate eligible lists, but that in announcing proposed appointments from the separate lists different ratings of eligibility were used. Thus, as to the principals' list, the Superintendent of School stated that in making appointments the last rating to be reached on the men's section of the list would be 76.53% and on the women's section of the list it would be 73.39%. Similarly, as to appointments from the junior principals' list, the last rating to be reached on the men's list would be about 76%, and on the women's section about 73%.

As a result, 5 women were to be appointed from the principals' eligible list whose ratings were lower than 30 men on such list who were not appointed; and 11 women were to be appointed from the junior principals' list whose ratings were lower than about 40 men on such list who were not appointed. (The briefs inform this court that said appointments were actually made after the decision of Special Term.) It is this result which petitioner contends strikes at the very heart of the merit system of appointment in the civil service.

It is undisputed that it is the purpose of the Board of Education to make the appointments as if the men and women taking the two examinations were not in competition with each other but rather as if the men were in competition among themselves and the women likewise.

The petitioner challenges the promulgation of the two lists resulting from each of the two examinations and the manner in which the said lists were and are to be utilized in filling the said vacancies. Petitioner relies on section 6 of article V of the Constitution of the State of New York, which mandates appointments and promotions in the civil service of the State and the civil divisions thereof according to merit and fitness to be ascertained as far as practicable by competitive examination. The respondents justify their action by section 246 of the by-laws of the Board of Education providing " There shall be separate eligible lists for men and for women."

The promulgation of separate eligible lists for men and women has been the subject of adjudication heretofore. In *Matter of Schlivinski* v. *Maxwell* (80 App. Div. 313 [2d Dept., 1903]) petitioner sought a peremptory writ requiring the Superintendent of Schools to promulgate one list for teacher's license No. 1 and to place thereon the names of both men and women according to their ratings. There the petitioner had passed an examination qualifying him for license No. 1. Following the examination, two lists were made, one for men and the

other for women, respectively in the order of their ratings. Relying upon a resolution of the Board of Education similar to the by-law here involved, respondent resisted the relief sought by the petitioner by reference to the dissimilarity in the educational requirements for men and women. In the case of the latter, graduation from specified high schools or academies was considered tantamount to graduation by men from a college or university. Furthermore, the salaries of male teachers were higher than those for women teachers. The court there held there was present a reasonable basis for the use of separate lists for men and women. In the instant proceeding, the respondents do not contend and it does not appear that the educational qualifications vary between the women and the men here involved nor does it appear that the salaries of the two positions differ according to sex.

In *Fitzpatrick* v. *Board of Educ.* (69 Misc. 78 [Special Term, New York County, 1910]) plaintiff, a female, was the holder of a Grade A license and sought to enjoin the defendants from appointing a male to the position of teacher of a new 8 B grade in an elementary school. Plaintiff would have been eligible for the appointment were it not for the fact that the defendants decided that the interests of the graduating class of the school involved would best be served by the appointment of a male teacher. There it appeared that the school involved was one for boys exclusively. In the case at bar, it is conceded we are concerned with a coeducational system.

In *People ex rel. Arden* v. *Gallagher* (160 App. Div. 27 [1st Dept., 1913]) the relator sought a writ of mandamus to compel the defendants to establish one eligible list containing the names of all persons, both men and women, who passed the examination for position of inspector, fire prevention bureau, grades 2 and 3. The court there said (p. 28): "It is quite obvious that there must be positions as to which such separate lists ought to be promulgated, for the immutable difference in the ability to do certain kinds of work between men and women must be given due consideration." In this proceeding, the respondents do not urge, as a basis for the promulgation of separate lists for men and women, any difference in capacity or ability depending upon sex.

So far as is to be gathered from the opposing affidavits, the bases for the promulgation of separate lists for men and women are as follows: "Education in our schools is and has been traditionally co-educational. By reason thereof there are many problems which continually arise in the schools, some of which can be more efficiently handled by men and others of which can

be more efficiently handled by women. Furthermore, it has been found most desirable for the efficient functioning of the school system that the teaching and supervisory staffs be fairly represented by both sexes. In addition, it has been found that as in other lines of endeavor, in the pedagogical field women excel in the performance of certain functions while men excel in others. The most desirable combination in an efficient school system is to have a fair balance of men and women on the pedagogical staff at all levels." (Affidavit of William Jansen, Superintendent of Schools.)

" Moreover, there is no question in this proceeding as to whether a particular school requires a man or a woman principal or junior principal. Respondents contend that in the overall organization of the pedagogical staff it has been found as a result of more than a half century of experience that a fair proportion of men and women is essential and vital to an efficient and sound administration of the school system, and that the means for assuring and maintaining that balance is necessary." (Affidavit of Edmund J. Gannon, Associate Superintendent of Schools.)

We do not deem it necessary at this time to decide whether or not section 246 of the by-laws of the Board of Education is valid in the light of section 6 of article V of the Constitution of the State of New York. We assume the validity of the by-law, although the physical differences between the two sexes adverted to in *People ex rel. Arden* v. *Gallagher* (*supra*) concededly does not affect the ability of the men and women here involved to perform the duties of either principal or junior principal. We address ourselves to the validity of the proposed utilization of the lists on the facts of this case. It is obvious that the proposed appointments will not be made in accordance with the ratings, without regard to sex, of the candidates for the examinations. This represents a departure from the requirement of a competitive examination. The respondents have broad discretionary powers but they may not act arbitrarily. They are required to advance a rational basis for their procedure. (*People ex rel. Sweeney* v. *Rice*, 279 N. Y. 70, 73.)

It is undisputed that the educational requirements, duties and salaries in respect of the two positions here involved are the same regardless of sex. It is also undisputed, as stated by the associate superintendent of schools, that this proceeding does not involve the requirements of particular schools, as appeared in *Fitzpatrick* v. *Board of Educ.* (*supra*), or varying educational training depending on sex, as appeared in *Matter of Schlivinski* v. *Maxwell* (*supra*). The record does not demon-

strate that the adherence to the merit system mandated by the Constitution precludes the representation by both sexes necessary for the sound administration of the school system, particularly in the light of the provisions of subdivision 10 of section 2573 of the Education Law, which enables appointments to the teaching and supervisory service from the first three persons on the appropriate eligible list. We are, therefore, of the opinion that the proposed action of the respondents is arbitrary and capricious.

The order appealed from should be reversed and the petitioner's motion should be granted.

PECK, P. J., BREITEL, FRANK and VALENTE, JJ., concur.

Order unanimously reversed and the petitioner's motion granted. Settle order on notice.