Bert B. Lockwood, J.
The petitioner, Joseph A. Giacobbe has petitioned this court for an order directing the respondent, the Onondaga County Civil Service Commission, to accept the petitioner’s application for examinations for promotion to police sergeant and detective to be held on the 21st day of November, 1959. It appears the petitioner was duly appointed to the position of patrolman in the Police Department of the City of Syracuse from an eligible list on June 15, 1951 and has served in such capacity, save for a leave of absence, until the present time. A resident of the City of Syracuse at the time of his appointment, he thereafter moved outside of the city and at the present time is not a resident of the City of Syracuse but is a resident of the County of Onondaga.
At the time of the petitioner’s appointment, the Charter of the City of Syracuse provided that no person could be appointed to membership in the Police Department or continue to hold membership therein who shall not have resided in the City of Syracuse during the two years next preceding his appointment. On April 15, 1957, the Common Council of the City of Syracuse, New York amended section 204 of the Charter of the City of Syracuse providing that such residency requirement be amended to require residence in the County of Onondaga for at least two years next preceding an appointment to said department. This local law amending the Charter of the City of Syracuse was adopted pursuant to the authority of subdivision 2 of section 3 of the Public Officers Law of the State of New York which reads as follows: “ The provisions of this section requiring a person to be a resident of the political subdivision or municipal corporation of the state for which he shall be chosen or within which his official functions are required to be exercised, shall not apply in the case of any member of a police force of any municipality of the state providing the local legislative body of such municipality by local law, ordinance or resolution of general application, requiring at least six months residence in the county, authorizes such appointment.”
Section 204 of the Charter of the City of Syracuse is the only requirement covering residency of members of the Department of Police of Syracuse. Both petitioner and respondent concede that members of the Police Department of the City of Syracuse, including officers, are not required to be residents of the City of Syracuse but are required to be residents of the County of Onondaga. It further appears there are both patrolmen and officers who are members of the Police Department at the present time who reside outside the City of Syracuse.
*190 On September 18, 1959 the Onondaga County Civil Service Commission, the respondent herein, published notices of promotional examinations for the positions of police sergeant and detective in the Department of Police, Syracuse, New York. As one of the qualifications for making* application to take said examinations, the respondent requires that the applicant must have been a legal resident of the City of Syracuse for at least two years immediately preceding the date of examination.
The petitioner contends the residence requirement of two years in the City of Syracuse immediately preceding the date of the examination is arbitrary, capricious, unreasonable and illegal. On the other hand, the respondent contends the resident requirements of candidates for the promotion examinations to the positions of detective and police sergeant have been the same for upwards of at least 10 years and are based upon the desires ■ of the public officials of the City of Syracuse to have members of the Police Department, including especially the officers thereof, to reside in the City of Syracuse and is in no way arbitrary or capricious.
“ It is a function of the Civil Service Commission to fix a fair and reasonable standard by which may be tested the qualifications of applicants for appointment in the civil service. The exercise of that function may be the subject of judicial review only in the event of a clear showing that in fixing the test of fitness the action by the Commission was arbitrary, capricious or unreasonable.” (Matter of Cowen v. Reavy, 283 N. Y. 232, 237.)
It may be assumed the respondent is acting under section 11-a of the Civil Service Law and paragraph (a) of subdivision 1 provides in part: “ Such a commission shall have the saifie powers and duties as are conferred upon municipal civil service commissions pursuant to section eleven of this chapter * * * and the commissioners thereof, so far as the same are, or can be made applicable and are not inconsistent with the provisions of this section, shall apply with full force and effect to a county civil service commission and the commissioners thereof.” Subdivision 2 of section 11 of the Civil Service Law provides, among other things: “ [t]he authority by this section conferred shall not be so exercised as to take from any policeman or fireman any right or benefit conferred by law, or existing under any lawful regulation of the department in which he serves ”.
When the Legislature enacted subdivision 2 of section 3 of the Public Officers Law and which in the instant case enabled the City of Syracuse to obtain members of its police force from residents of the County of Onondaga as well as the City of *191 Syracuse, it conferred upon local legislative bodies the power to end the former limitations requiring police officers to be residents of the city. It follows that it did not intend to authorize a local Civil Service Commission to prohibit members of the police force residing in the county from obtaining promotions in the Police Department in the City of Syracuse. Respondent states the two-year resident requirement in the City of Syracuse of candidates for promotion examinations have been the same for upwards of at least 10 years and concededly they were not changed in the case of candidates for promotion after the amendment of the City Charter. At the present time members of the Syracuse Police Department including patrolmen, as well as officers, are required only to be residents of the County of Onondaga. The respondent endeavors to justify the two-year residence requirement in the City of Syracuse for candidates for promotion examination on the basis that it is the desire of the public officials of the City of Syracuse to have members of the Police Department and especially officers, to reside in the City of Syracuse but concededly once a member of the Police Department becomes an officer, he is no longer required to reside in the City of Syracuse. In the instant case the petitioner would be required to give up his residency in the county and reside in the City of Syracuse for two years in order to take the promotional examination and once he becomes an officer he is permitted to immediately reside in the county and outside the City of Syracuse.
“ ‘ [t]he primary purpose of civil service laws and rules is to promote the good of the public service, and that purpose is not to be frustrated by technical or narrow constructions.’ ” (Matter of Going v. Kennedy, 5 A D 2d 173, 184.)
The question of the reasonableness of the requirement that the applicant for a promotional examination for the positions of police sergeant and detective in the Police Department must have been a legal resident of the City of Syracuse for at least two years immediately preceding the date of examination, is under all the circumstances, one of fact. No valid reason has been advanced for holding such action reasonable as a matter of law. The Civil Service Commission has broad discretionary powers, but it cannot act arbitrarily. (See People ex rel. Sweeney v. Rice 279 N. Y. 70.)
This court concludes that the residence requirement of two years in the City of Syracuse immediately preceding the date of examination of candidates for the promotion examinations to the positions of detective and police sergeant is arbitrary, capricious, unreasonable and illegal, The respondent is directed *192 to accept the petitioner’s application for the examination for promotion to police sergeant and detective to be held on the 21st day of November, 1959.
Ordered accordingly.